F. C. AUSTIN MANUFACTURING COMPANY, *a corporation* v. A. J. HUNTER, *et al.*

(Filed September 7, 1905.)

1. PRACTICE—Jurisdiction of Person, Waived When. Where one appears especially and objects to the jurisdiction of the court over his person, by reason of defective service of summons, and his objections are overruled, he may file his answer and proceed to trial and he will not be deemed to have entered a general appearance by reason thereof, if his objections are meritorious. Chicago Building & M'f'g. Co. v. Kirby 63 Pac. 966. 10 Okla. 730; Jones v. Chicago Building & M'f'g. Co., 10 Okla. 628. But where he in addition to defending against the action of a plaintiff, files a cross-petition and asks for affirmative relief against the plaintiff, he thereby submits his person to the jurisdiction of the court for all purposes of the entire action, and thereby estops himself from questioning the jurisdiction of the court in the first instance.

2. JOINT OWNERS—Pleadings. Where three persons enter into a written contract for the purchase of personal property (each signing his individual name) with a third party, in the absence of an allegation in the pleading or proof to the contrary. they will be deemed to be joint owners.

3. EVIDENCE—Not Reviewed, When. When the evidence reasonably supports the verdict and judgment, this court will not weigh the evidence to determine as to whether or not the preponderance was for the other party.

(Syllabus by the Court.)

*Error from the District Court of Comanche County; before Frank E. Gillette, Trial Judge.*

*Stevens & Miller* and *I. B. Lipson,* for plaintiff in error.

*W. I. Gilbert,* and *Chas. Mitschrich,* for defendant in error.

Opinion of the court by

BURWELL, J.: A. J. Hunter, Frank L. Stetson and Chas. S. Albright, in their individual names, jointly purchased a boiler, engine and other appliances for a well-drilling outfit from the F. C. Austin Manufacturing Company. All of the property contracted for was shipped, but Hunter and Albright refused to receive it on the ground that the engine was too small. A second engine was shipped, but they refused to receive it, claiming that it had been used and was not new. They, having paid the freight, sued the defendant for damages, attached the property and attempted to make service by publication. The defendant entered a special appearance and moved to quash the service, which motion was overruled, and it excepted. It then filed its answer, denying liability to the plaintiffs and, with it and as part of the same pleading, set out the contract of sale, alleging the facts in relation thereto, and prayed for an affirmative judgment against the plaintiffs, and Frank L. Stetson, who had been a defendant because he refused to join with the plaintiffs in the bringing or prosecution of the suit. The Austin Manufacturing Co. contends that the court erred in overruling its motion to quash the service, which was made by publication. It is not necessary to decide this question, for, while it has been held by this court that, where one enters a special appearance and moves to quash service of summons, if his motion is overruled, he is not compelled to desist from further participating in the case, but may file his answer and proceed to trial, without waiving his rights under his special appearance, yet this case is an exception to that general rule. The rule just referred to is based upon the assumption that a defendant is involuntarily in court, and that he is being compelled

to litigate the case against his will, and so long as he simply defends against the cause or causes of action pleaded in plaintiff's petition, he can urge the want of jurisdiction over his person in the appellate court, but not so where he files a cross petition and asks for affirmative relief, for, by such act, he voluntarily submits himself to the jurisdiction of the court, and vests it with power to render any judgment necessary in the disposition of any and all of the issues involved in the entire controversy. *Thompson v. Greer* (Kans.), 64 Pac. 48; *Chandler, et al. v. Citizens National Bank of Evansville* (Ind.), 49 N. E. 579.

It is argued by appellant that A. J. Hunter, Charles S. Albright and Frank J. Stetson were partners, and each was bound by the acts of the other. The record does not justify this conclusion. The appellant did not allege in his answer and cross petition that they were co-partners. They adopted no partnership name, and the pleadings throughout treat them simply as joint owners, or rather as persons entering upon a joint venture. If they were co-partners, in the absence of an admission to that effect, the burden was upon the appellant to establish that fact. Either of the parties who purchased the property could have sold his interest therein, and the grantee could have compelled recognition of his rights. There was no agreement of partnership, and, the facts pleaded do not justify such a conclusion; and the acceptance of the machinery by Stetson did not bind the other two, if such acceptance was over their objections and protests, and the machinery was not as represented. *G. H. Logan v. Oklahoma Mill Co.*, 14 Okla. 402; 79 Pac. 103.

When the contract of purchase was entered into the plaintiffs deposited a part of the purchase price of the machinery

in a local bank, and by the verdict of the jury and the judgment of the court the plaintiffs were permitted to take down the money so deposited, but were awarded no damages, and the verdict amounted to a general verdict against the defendant.

The evidence reasonably supports the judgment; therefore, we will not weigh it for the purpose of determining as to whether the preponderance is with the appellant or appellees. Another jury might have returned a different verdict, but so long as the evidence in a case is sufficient to fall within the rule herein announced, it must be upheld.

The instructions fairly presented the case to the jury, and we find no substantial error either in those given or in the refusal to give others requested by the appellant.

We have considered the entire record, and are satisfied that the judgment of the trial court should be affirmed at the cost of the appellant. It is so ordered.

Gillette, J., who presided in the court below, not sitting; all the other Justices concurring.