## VICTOR TALKING MACH. CO. v. BRUNSWICK–BALKE–COLLENDER CO. et al.

(District Court, D. Delaware. March 9, 1922.)

No. 458.

1. **Patents ⊝114—Counterclaim is not limited to subject-matter of bill.**

Under equity rule 30 (201 Fed. v, 118 C. C. A. v), permitting the answer to set out any set-off or counterclaim which might be the subject of an independent suit in equity, which rule was taken rather from the order of the English Supreme Court of Judicature than from the Codes of the several states, permitting a counterclaim only if it arises from the same transaction as the cause of action alleged in the bill, the answer may set up a counterclaim, regardless of whether it arose from the same transaction as set out in the bill, so that, in a suit for interference between patents, under Rev. St. § 4918 (Comp. St. § 9463), defendant can file a counterclaim for infringement by plaintiff of claims not involved in the interference.

2. **Patents ⊝288—Provision governing district in which suits for infringement may be brought can be waived.**

Judicial Code, § 48 (Comp. St. § 1030), permitting suit for infringement of patent to be brought in the district where defendant had an established place of business and committed an act of infringement does not relate to the general jurisdiction of District Courts over infringement suits, but merely to an immunity of the person from suit in a particular District Court, and that immunity may be lost by the acts of such person amounting to an acceptance of the jurisdiction of the particular courts.

3. **Patents ⊝114—Filing bill submits plaintiff to jurisdiction of particular district for determination of counterclaim.**

The filing of a bill for interference between plaintiff's and defendants' patents within a district in which the plaintiff did not reside or have an established place of business submits the person of plaintiff to the jurisdiction of the court of that district for determination of a counterclaim by defendant for infringement of claims not involved in the interference.

4. **Patents ⊝114—Plaintiff cannot limit jurisdiction by declaration of purpose in filing bill.**

A declaration in the bill that plaintiff appears in the court in which the bill is filed only for the purpose of relief, under Rev. St. § 4918 (Comp.

St. § 9463), is without effect to limit the jurisdiction of that court to consider defendants' counterclaim for infringement of other claims, not only because plaintiff may not lessen the rights conferred on a defendant by the equity rules, but also because the voluntary filing of the bill of complaint was in itself a general appearance of the plaintiff.

In Equity. Suit by the Victor Talking Machine Company against the Brunswick-Balke-Collender Company and another for infringement of a patent. On motion to strike from the answer the allegations by way of counterclaim. Motion denied.

William Houston Kenyon and Theodore S. Kenyon, both of New York City, and Charles F. Curley, of Wilmington, Del., for plaintiff.

Melville Church, of Washington, D. C., George W. Case, Jr., of New York City, and William G. Mahaffy, of Wilmington, Del., for defendants.

MORRIS, District Judge. The bill of complaint of Victor Talking Machine Company alleges that claim 19 of patent No. 946,442, owned by the plaintiff, and claim 1 of patent No. 1,402,738, owned by the defendants, the Brunswick-Balke-Collender Company and John Bailey Browning, are interfering claims. It prays relief pursuant to R. S. § 4918 (Comp. St. § 9463), and that the defendants be enjoined from bringing any infringement suit upon their patent. The answer admits the interference alleged, but prays that the relief afforded by R. S. § 4918, be given to the defendants. The answer also sets up, by way of counterclaim, infringement by plaintiff of claims 1 to 10, inclusive, of defendants' patent, and prays the usual relief therefor.

The plaintiff has moved to strike from the answer the allegations and prayers with respect to infringement, upon the ground that, though the District Courts of the United States have general and exclusive jurisdiction of all cases arising under the patent laws (Judicial Code, § 24 (7) and section 256 (5) [Comp. St. §§ 991, 1233]) yet this court is without jurisdiction to entertain defendants' infringement claim against the plaintiff, because section 48 of the Judicial Code. (Comp. St. § 1030) provides:

"In suits brought for the infringement of letters patent the District Courts * * * shall have jurisdiction * * * in the district of which the defendant * * * shall have committed acts of infringement and have a regular and established place of business"

—and because the record does not disclose that the plaintiff is an inhabitant of this district or that it has here a regular and established place of business. The defendants, on the other hand, contend that the plaintiff, by filing its suit in this court, submitted itself to the jurisdiction of this court, not only with respect to the cause set up in the bill, but also as to the matters set up by the defendant as a counterclaim.

[1] To settle this question it is necessary first to determine whether or not the charge of infringement made in defendants' answer is a proper counterclaim. This depends upon the scope of the second paragraph of equity rule 30 (201 Fed. v, 118 C. C. A. v), which provides:

"The answer must state in short and simple form any counterclaim arising out of the transaction which is the subject-matter of the suit, and may, without cross-bill, set out any set-off or counterclaim against the plaintiff which might be the subject of an independent suit in equity against him, and such set-off or counterclaim, so set up, shall have the same effect as a cross-suit, so as to enable the court to pronounce a final judgment in the same suit both on the original and cross-claims."

That rule has been the subject of numerous and conflicting decisions. Many courts have held that it embraces any claim or cause of action which might be the subject of an independent suit in equity against the plaintiff, even though such cause of action be wholly unconnected with the subject of plaintiff's suit. Marconi Wireless Telegraph Co. v. National R. S. Co. (D. C.) 206 Fed. 295; Vacuum Cleaner Co. v. American Rotary Valve Co. (D. C.) 208 Fed. 419; Electric Boat Co. v. Lake Torpedo Boat Co. (D. C.) 215 Fed. 377; Buffalo Specialty Co. v. Vancleef (D. C.) 217 Fed. 91; Harper Bros. v. Klaw (D. C.) 232 Fed. 609; Paramount Hosiery Form D. Co. v. Walter Snyder Co. (D. C.) 244 Fed. 192.

Other courts have held that rule 30 authorizes the setting up in an answer of only those claims arising out of the transaction which is the subject-matter of the suit and which, prior to the adoption of the present equity rules, might have been set up in a cross-bill. Terry Steam Turbine Co. v. B. F. Sturtevant Co. (D. C.) 204 Fed. 103; Adamson v. Shaler (D. C.) 208 Fed. 566; Ohio Brass Co. v. Hartman Electrical Mfg. Co. (D. C.) 243 Fed. 629; Christensen v. Westinghouse Traction Brake Co. (D. C.) 235 Fed. 898; Williams Patent Crusher & F. Co. v. Kinsey Mfg. Co. (D. C.) 205 Fed. 375; Sydney v. Mugford Printing & Engraving Co. (D. C.) 214 Fed. 841.

In view of all that has been said by the courts with respect to this rule, it would serve no useful purpose to do more than to indicate briefly my reasons for adding this case to one group of cases rather than to the other. The term "counterclaim" is not defined by the federal statutes or by the equity rules. It was not known either to the common law or to the early English and American equity practice. It was introduced into the practice of this country apparently through the reformed codes of procedure adopted by many of the states. In those codes it was generally defined as a cause of action (a) arising out of the contract or transaction set forth in the complaint as the foundation of plaintiff's claim; or (b) connected with the subject of the action; or (c) arising on a contract independent of the contract sued upon by plaintiff. 24 R. C. L. 793, 794; 25 A. & R. (2d Ed.) 581.

The term did not, in some states, at least, embrace *all* claims and demands that might be made the subject of an independent suit against a plaintiff. Byerly v. Humphrey, 95 N. C. 151; Newport News & O. P. Ry. & Electric Co. v. Bickford, 105 Va. 182, 52 S. E. 1011; Braithwaite v. Akin, 3 N. D. 365, 56 N. W. 133. But the portion of equity rule 30 here in question is based, not on the state codes, but on Order XIX, rule 3, of the English Supreme Court of Judicature, which reads:

"3. A defendant in an action may set off, or set up by way of counterclaim against the claims of the plaintiff, any right or claim, whether such set-off or counterclaim sound in damages or not, and such set-off or counterclaim shall

have the same effect as a cross-action, so as to enable the court to pronounce a final judgment in the same action, both in the original and on the cross-claim. But the court or a judge may, on the application of the plaintiff before the trial, if in the opinion of the court or judge such set-off or counter-claim cannot be conveniently disposed of in the pending action, or ought not to be allowed, refuse permission to the defendant to avail himself thereof."

Under that order "any right or claim," whether arising out of, or wholly unconnected with, the claim of the plaintiff, may, subject to the proviso of the last sentence, be counterclaimed. Furthermore, the English courts have held that a counterclaim need not be an action of the same nature as the original action, and is not restricted to matters arising out of the claim or transaction set up in the complaint, but may include wholly independent matters as well. Beddell v. Maitland, 17 Ch. Div. 181; Gray v. Webb, 21 Ch. Div. 802.

In view of the origin of rule 30 and the English decisions, I am constrained to conclude, though with some reluctance, that the term "counterclaim" used in that rule has the breadth of meaning it has in the English order, and not the restricted meaning it has in the state codes; that rule 30 is as broad, if not broader, than the English order XIX, rule 3, and that under rule 30 a defendant may set up as a counterclaim, not only a claim "arising out of the transaction which is the subject-matter of the suit," but also "any * * * claim against the plaintiff which might be the subject of an independent suit in equity against him." It follows that the allegations and prayers with respect to infringement set up in defendants' answer constitute, in my opinion, a proper counterclaim, within the meaning and scope of equity rule 30.

[2] But, in view of section 48 of the Judicial Code, has this court jurisdiction to entertain that counterclaim against the plaintiff? It is now well settled that that section of the Judicial Code does not relate to the general jurisdiction of the District Courts over infringement suits, but merely to an immunity of the person from suit in a particular court, and that that immunity may be lost by the acts of such person amounting to an acceptance of the jurisdiction of the particular court. In re Moore, 209 U. S. 491, 28 Sup. Ct. 585, 706, 52 L. Ed. 904, 14 Ann. Cas. 1164; United States E. Bolt Co. v. H. G. Kroncke Hardware Co., 234 Fed. 868, 148 C. C. A. 466; U. S. Consol. Seeded Raisin Co. v. Phœnix Raisin S. & P. Co. (C. C.) 124 Fed. 234.

[3] Hence the immediate question is whether the filing of the bill of complaint deprived the plaintiff of the privilege afforded to it by that statute. To that question equity rule 31 (198 Fed. xxvii, 115 C. C. A. xxvii) seems to forbid other than an affirmative answer, for it manifestly presupposes that the plaintiff is in court to reply to any counterclaim that may properly be set up by the defendant. That rule provides:

" * * * If the answer include a set-off or counterclaim, the party against whom it is asserted shall reply within ten days after the filing of the answer, unless a longer time be allowed by the court or judge. * * *"

But the answer to the question need not be rested solely upon rule 31, for the ratio decidendi in Grendtoveen v. Hamlyn Co., 8 L. T. R. 231, Fisher v. Shropshire, 147 U. S. 133, 135, 13 Sup. Ct. 201, 37 L. Ed. 109, Merchants' Heat & L. Co. v. Clow & Sons, 204 U. S. 286, 27

Sup. Ct. 285, 51 L. Ed. 488, President, etc., of Bowdoin College v. Merritt, 59 Fed. 6, Austin Mfg. Co. v. Hunter, 16 Okl. 86, 86 Pac. 293, and similar cases leads to the same result. In Grendtoveen v. Hamlyn Co. it was held that, although a suit against a nonresident may fail for want of jurisdiction over the person of the defendant, yet, if the nonresident institutes a suit in a court not of the state of his residence, the defendant is entitled to counterclaim. In Fisher v. Shropshire it was said that a court may not "be deprived of jurisdiction at the suggestion of the party who voluntarily invoked it." In Merchants' Heat & L. Co. v. Clow & Sons the defendant, although resisting the jurisdiction of the court over him with respect to plaintiff's claim, set up a counterclaim. The court said:

"But by setting up its counterclaim the defendant became a plaintiff in its turn, invoked the jurisdiction of the court in the same action and by invoking submitted to it."

I think this case stands unmodified by Geneva Furniture Co. v. Karpen, 238 U. S. 254, 35 Sup. Ct. 788, 59 L. Ed. 1295, for in the latter the person resisting the jurisdiction of the court was in no sense an actor. The court in Austin Mfg. Co. v. Hunter, 16 Okl. 86, 86 Pac. 293, said:

"The rule just referred to is based upon the assumption that a defendant is involuntarily in court, and that he is being compelled to litigate the case against his will, and so long as he simply defends against the cause or causes of action pleaded in plaintiffs' petition, he can urge the want of jurisdiction over his person in the appellate court, but not so where he files a cross-petition and asks for affirmative relief, for, by such act, he voluntarily submits himself to the jurisdiction of the court, and vests it with power to render any judgment necessary in the disposition of any and all of the issues involved in the entire controversy."

Again in United States E. Bolt Co. v. H. G. Kroncke Hardware Co., 234 Fed. 868, 148 C. C. A. 466, the Court of Appeals for the Seventh Circuit held that a District Court of the United States may entertain jurisdiction over a counterclaim for infringement of patents, although an original suit for the same cause of action would not lie against the alleged infringer in the district in which the counterclaim is filed. The foregoing cases, in my opinion, make necessary a decision in favor of the defendant upon the question of jurisdiction.

[4] True, the plaintiff in the case at bar states in its bill of complaint that it "appears in this court only for the purpose of the relief provided by said section 4918"; but, as I see it, this statement is without effect, not only because a plaintiff may not lessen the rights conferred upon a defendant by the equity rules, but also because the voluntary filing of the bill of complaint was in itself a general appearance of the plaintiff in the suit.

The motion to strike should be denied.