### REYNOLDS v. VILLINES.

No. 19758.   Opinion Filed April 14, 1931.

Clarence Robison, for plaintiff in error.

Goode, Dierker & Goode, for defendant in error.

LESTER, C. J.   The parties will be designated in this court as they appeared in the court below.

The plaintiff commenced this action by the filing of his petition in the district court of Pottawatomie county, Okla., against the defendant, J. A. Reynolds, whereby the plaintiff sought damages for slander of title to certain real property described in said petition.

The plaintiff alleged, among other things, that in March, 1926, he became the owner of an undivided interest in oil, gas, and mineral rights in certain parcels of land, containing 160 acres, as described in the petition; that after becoming the owner of same and on or about the 29th day of March, 1926, the defendant filed of record with the county clerk of Pottawatomie county, Okla.,

a certain affidavit and notice to the public in which the defendant set up a claim to a one-fifth interest in said property, which interest so claimed by said defendant was equivalent to eight acres.

Plaintiff further states and contends that by the filing of said affidavit his action was unwarranted, malicious, and constituted slander to the title of said real estate; that the defendant knew at the time of the filing of said affidavit that he had no interest in said property, and that by reason of the wrongful filing he had been damaged in the sum of $24,000, including attorney's fee and other expenses.

The plaintiff made the further contention that upon the filing of this affidavit of record it was malicious, and on account of said malice the plaintiff sought to recover a judgment of $10,000 as punitive damages. This, in substance, is the allegation and contentions of the plaintiff in the court below.

To the plaintiff's petition the defendant filed a demurrer, which demurrer was by the court overruled; thereafter the defendant filed his first amended answer and cross-petition containing a general denial and pleaded that the district court of Pottawatomie county, Okla., had no jurisdiction to entertain said cause by reason of the fact that there was at that time another cause pending in the superior court of Pottawatomie county, which court possessed concurrent jurisdiction with the district court, in which this cause was then pending; and that it involved the same parties and the same subject-matter.

The answer and cross-petition then goes further and pleads a partnership between the plaintiff and the defendant to purchase the oil, gas, and mineral interest from a man by the name of Pugh. The defendant then concludes his answer and cross-petition by asking the court for affirmative relief.

Judgment for damages was rendered in favor of the plaintiff in the sum of $1,600, and defendant appealed.

For reversal of this cause, the plaintiff in error herein says in the conclusion of his brief filed in this court that the cause should be reversed:

"1.   For the reason that there was another cause pending in the superior court, in which the same parties, and the same subject-matter was involved, said cause not having been disposed of, and said court being of concurrent jurisdiction with the district court and located in the same county. That the action of the district court, in assuming jurisdiction under such condi-

tions, was erroneous, not in accord with our practice and procedure, and contrary to our statutes, when such facts were ·clearly pleaded by demurrer and answer and proven as in this case.

"2. That the judgment should be reversed because the court erred in excluding the evidence of plaintiff in error which would have shown the parties to be engaged in a joint adventure, and the contract could be oral and enforceable. These matters and the entire defense of plaintiff in error having been stricken from consideration of the jury, the plaintiff in error was prejudiced thereby and his rights violated.

"3. That defendant in error, having failed to disclose there were other parties in interest who were necessary parties, is entitled to have his cause dismissed because all the necessary parties had not been brought in or their identity disclosed to the court."

Having stated the three main contentions of the plaintiff in error herein, the court will discuss them in the same order as presented by the plaintiff in error.

The first question to be dispensed with is, Did the plaintiff in the lower court by filing his answer and cross-petition, wherein he sought affirmative relief of the court, waive the objections, if any, to the jurisdiction of the district court? In answer to this question, the rule as we view it is well settled and established that where the defendant voluntarily demands affirmative relief in an action, he thereby invokes the jurisdiction of such court and submits himself thereto for all purposes. See Cameron & Co. v. Consol. School District No. 1, 44 Okla. 67, 143 Pac. 182, wherein the court said:

"A defendant who has objected to the jurisdiction of the court over his person may, after his objection has been overruled, in any manner defend against the action without waiving his objection; but if he does more, and, aside from his defense, voluntarily demands affirmative relief in the same action, and thus invokes the jurisdiction of the court in a matter unnecessary to his defense. he will be deemed to have waived such objection."

In the case of F. C. Austin Mfg. Co. v. Hunter, 16 Okla. 86, 86 Pac. 293, it is held, in substance, although one having properly objected to the jurisdiction of the court over his person, which has been overruled, may thereafter answer and proceed to trial without being deemed to have waived his objection, but if he asks for affirmative relief against the plaintiff he thereby waives such objection and submits himself to the jurisdiction of the court for all purposes.

For the reasons hereinabove stated, we hold that the defendant by asking affirmative relief submitted himself to the jurisdiction of the district court.

It is next contended by the defendant that the court erred in striking from the consideration of the jury material and competent evidence of the plaintiff in error that tended to show that said parties were engaged in a joint adventure. We have carefully read the answer and cross-petition of the defendant in the court below, and we find in the petition the following allegations:

"This answering defendant after procuring said listing and purchase agreement from said Pugh disclosed the fact in regard to said Villines, the plaintiff herein, and took said Villines into **partnership** with him for the purpose of purchasing said royalty."

Again, it is alleged in the defendant's answer and cross-petition:

"It being agreed and stipulated and understood by and between the said parties that the plaintiff herein was to furnish one-half of the money for the purchase of said royalty, and the said defendant herein to procure the other one-half."

In paragraph 2 of said cross-petition, the defendant asserted the following allegations:

"Defendant further states that thereafter the said plaintiff herein, T. F. Villines, in breach of their contract and partnership agreement and their understanding and in fraud of the right of this defendant. * * *"

The defendant wholly failed to establish a partnership relation between himself and the plaintiff. The defendant complains that the court erred in sustaining objections to the offer of the defendant to show the existence of a joint adventure. The court did not err in sustaining the objections, for the reason there were no allegations contained in the cross-petition of a joint adventure.

There is no merit in the contention of the defendant that certain undisclosed parties were necessary to the determination of said cause.

Judgment is affirmed.

CLARK, V. C. J., and RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.