### HARVEY et al. v. BISHOP.

No. 25882. April 9, 1935.

James W. Pipkin, for plaintiffs in error.

Embry & Embry, for defendant in error.

PER CURIAM. This action was instituted in the district court of Oklahoma county by the defendant in error, Claud Bishop, as plaintiff, against the H. & H. Trucking Company, a copartnership consisting of O. L. Harvey and S. R. Hazelrigg, admitted Class "B" carriers under the laws of the state of Oklahoma, and another, to recover damages for injuries to the person and property of the plaintiff, incurred through the alleged negligent operation of defendants' truck upon a highway in Oklahoma county.

The case-made does not contain a copy of the summons, or the sheriff's return thereon, but it appears therefrom, and from admissions in the briefs of each party to this

appeal, that summonses were issues to the sheriff of Seminole county, and that service was had upon all defendants in the county last named.

Defendants interposed their motion to quash the service of the summonses, which was overruled with exceptions allowed to the defendants. Thereafter, defendants filed their joint answer and cross-petition, and later filed an amended answer and cross-petition. In each of these pleadings defendants ask for judgment against the plaintiff for a substantial sum.

From a judgment in favor of the plaintiff, defendants have perfected their appeal to this court.

They assign a number of errors of the trial court, but only one proposition has been presented and briefed by the defendants, that is: That the trial court erred in overruling their special appearance and motion to quash. Assignments of error in the petition in error, which are not presented and argued in the brief of the plaintiffs in error, will be treated as abandoned, and will not be considered by this court. McGrath v. Durham, 151 Okla. 55, 1 P. (2d) 718; Moseley v. Boyd, 167 Okla. 485, 30 P. (2d) 897; McCain v. J. B. Colt Co., 139 Okla. 178, 281 P. 769.

Consequently, the only question presented by plaintiff in error by this appeal is of the jurisdiction of the court over the person of the defendants.

Under the state of the appellate record in this case, it is not necessary to decide whether this question is properly presented, or to determine whether or not the trial court erred in not sustaining the motion interposed by the defendants to quash said summons. If the venue of the action was not fixed in Oklahoma county, and if the service of the summons in Seminole county was not sufficient to vest the trial court with jurisdiction over the person of the defendants, yet, by the filing of their cross-petition and amended cross-petition, defendants entered their general appearance and voluntarily submitted themselves to the jurisdiction of the district court of Oklahoma county, and are therefore estopped to question the jurisdiction of such court in the first instance. Clem Oil Co. v. Oliver, 106 Okla. 22, 232 P. 942; Smith v. Burt, 150 Okla. 34, 300 P. 748; Reynolds v. Villines, 148 Okla. 191, 298 P. 262; Wm. Cameron & Co. v. Consolidated School Dist., 44 Okla. 67, 143 P. 182; F. C. Austin Mfg. Co. v. Hunter, 16 Okla. 86, 86 P. 293.

The judgment of the trial court should be, and is accordingly, affirmed.

It appears from the record that the plaintiffs in error executed supersedeas bond with O. L. Harvey, S. R. Hazelrigg, W. J. Troutman, B. H. Barnett, C. B. Keller, and Chas. Gray as sureties thereon, and that said bond was duly filed and approved in the trial court, and a copy of the same is incorporated in the case-made. Defendant in error, in his answer brief, calls attention to the supersedeas bond, and asks that, upon affirmance of the judgment, this court also render judgment against the sureties on said bond.

It is therefore ordered, adjudged, and decreed that the defendant in error, plaintiff below, Claud Bishop, have judgment on the supersedeas bond, and against the sureties aforesaid, for the principal sum of $325, with interest at the rate of six per cent. per annum from the 31st day of March, 1934, and for costs, for which let execution issue.

The Supreme Court acknowledges the aid of Attorneys George H. Jennings, Don Lewis, and R. K. Robertson in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Jennings, and approved by Mr. Lewis and Mr. Robertson, the same was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, WELCH, and CORN, JJ., concur.