## WEBER v. BRUCE.

No. 32316. Oct. 22, 1946.

Rehearing Denied Jan. 7, 1947.

*175 P. 2d 800.*

Chas. W. Pennel, of Bartlesville, for plaintiff in error.

Frank T. McCoy, John T. Craig, and John R. Pearson, all of Pawhuska, for defendant in error.

BAYLESS J. This appeal from the district court of Osage county involves the correctness of a judgment rendered in favor of A. W. Bruce against Katherine Weber. The action originated in the lower court when Bruce sued Interstate Oil & Gas Company, a corporation, and Katherine Weber as joint defendants in one cause of action for polluting the surface of land, and Katherine Weber alone in a second cause of action for removing from the land "one large sheet iron building". Although the land described in both causes of action is in Osage county, both defendants were summoned by processes issued to the sheriff in Washington county and served upon them in that county. The corporation demurred to the petition on the ground of misjoinder of causes of action, and when this de-murrer was sustained with permission to the plaintiff to separate his causes of action and docket them separately as independent actions, the action against Weber was docketed separately and a petition filed seeking judgment against her for removing the building above referred to.

Prior and subsequent to these steps, Weber appeared specially for the purpose of quashing the service of summons on her, basing her motion on the assertion of a lack of jurisdiction because of the venue of the action differing from her residence and place of service. One of her principal contentions on appeal relates to the order of the lower court overruling her motion. Since we think her position in this respect is well taken, there is no occasion to consider or discuss the other contentions.

It clearly appears from the record that this action was filed in Osage county and service of summons effected in Washington county. This can only be sustained if the cause of action relates to the land located in Osage county in such a manner as to bring it within 12 O.S. 1941 §§ 131 and 132.

Under 12 O.S. 1941 §139, the defendant must be sued in the county where he resides or may be served. In First National Bank of Seminole v. Henshaw, 169 Okla. 49, 35 P. 898, we said the general rule is that as relates to a transitory action the defendant is entitled to trial in the county of his residence or where he may be summoned. In Pace v. Ott, 189 Okla. 230, 115 P. 2d 253, we quoted from Mills v. District Court of Lincoln County, 187 Okla. 247, 102 P. 2d 589, as follows:

"The distinction between local and transitory actions, where title to real estate is involved, is generally recognized. Where the title will be directly affected by the judgment of the court, the action is local, and venue is properly laid in the county where the land lies; but when the title is only incidentally affected, or the relief as to it is incidental to the main controversy or primary purpose of the action, the ac-

tion is transitory, and the proper venue is the county wherein the defendant resides or may be summoned. (Citing cases.)"

—And said, in addition:

"The action of the plaintiffs was one to recover for damages done to land which belonged to them and was not one to recover real estate nor any interest therein, and therefore did not come within the provisions of subdivision 1 of section 109, O.S. 1931, 12 Okla. St. Ann. §131."

In the case before us Bruce tendered an issue relating to the title to the land or an interest therein when he relied upon the terms of the lapsing oil and gas lease to establish his title to certain buildings on the land as being fixtures. Weber joined issue with this when she denied that such buildings were fixtures under the terms of the lease and alleged that they were personal property and therefore removable. However, we are of the opinion that while it was necessary, in order for Bruce to prevail, for him to establish his contention with respect to the meaning of the language of the lease, nevertheless this was incidental and not the main controversy or primary purpose of the action. This was to recover for the value of the building which had been removed and whether the court should determine that it was a fixture and should not have been removed or was not a fixture and therefore removable, Bruce still was seeking to be paid for the building. Therefore, we think the main controversy or primary purpose of the action was one to recover damages for a tort committed and was transitory, and the proper venue is the county where Weber resided or may be summoned.

Bruce argues that Weber later lost the benefit of her special appearance and attack upon the jurisdiction of the lower court by her act of filing an answer and seeking affirmative relief. His basis for this is the inclusion in her prayer of the stereotyped phrase "and for such other and further relief as to the court

seems just and proper." The other part of the prayer asked that plaintiff take nothing and that defendant have her costs. The cases cited by Bruce do not sustain his position under this record. In each of those cases it clearly appears that the defendant, after unsuccessfully challenging the jurisdiction of the trial court, pleaded facts that entitled him to relief against the plaintiff in addition to the simple denial of the plaintiff's relief against the defendant. See Taylor v. Enid National Bank, 77 Okla. 74, 186 P. 232; Harvey v. Bishop, 171 Okla. 497, 43 P. 2d 48; and Hecker v. Sadler, 176 Okla. 34, 54 P. 2d 382.

The judgment of the trial court is reversed and the cause is remanded, with directions to dismiss the plaintiff's cause of action.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, and WELCH, JJ., concur.