HAYDEE ALKALAJ, Plaintiff, *v.* DIDO ALKALAJ, Defendant.

Supreme Court, Special Term, New York County, October 7, 1947.

327

*Julius M. Arnstein* and *K. Jonas Speciner* for plaintiff.

*Max Cutler* and *Joseph Lewis Simon* for defendant.

PECORA, J.  Plaintiff moves for an order pursuant to sections 245, 245-a and 245-b of the Civil Practice Act permitting her to serve a supplemental complaint setting forth facts which occurred after the commencement of the action.  In this action plaintiff sues to recover sums due under a separation agreement entered into in Vienna, Austria, in March, 1938.  The complaint seeks the recovery of sums which are alleged to have come due between January, 1939, and April, 1946.

Defendant being a nonresident, the action was commenced by attaching a bank account of defendant in this State.  Thereafter defendant served a general notice of appearance and interposed an answer.  In seeking to serve a supplemental complaint plaintiff wishes to add to the relief originally demanded, the sums she claims became due from the commencement of the action until September, 1947.

Under sections 245, 245-a, and 245-b of the Civil Practice Act plaintiff would ordinarily be permitted to serve a supplemental complaint, the purpose being to have all matters adjudicated up to the trial of the action.  Under the circumstances of this case, should the court exercise its discretion to grant this motion?

The legal effect of defendant's general notice of appearance is not changed by the fact that an attachment had issued in the action.  (*Olcott* v. *Maclean*, 73 N. Y. 223.)  However, defendant did appear to contest the issues presented by the complaint.  While it may be said, he thus subjected himself to any remedies

which the Civil Practice Act gave to plaintiff, granting of relief under sections 245, 245-a and 245-b of the Civil Practice Act is discretionary.

Parties should be encouraged to appear in actions so that judgments will have an in personam validity. The possibility that such appearance may result in the addition of other causes of action will tend to deter general appearances. Furthermore, a defendant placed in the position of the instant one at the time the attachment was obtained had no other recourse but to appear or permit the action to go by default. Therefore the circumstances here appeal to the discretion of the court to deny the instant application. If plaintiff can obtain jurisdiction she can sue for the additional sums in an independent action. Motion is denied. Settle order.