Henry Clay Greenberg, J.
This is a motion to dismiss the third cause of action in the amended complaint. The original complaint contained two causes of action seeking annulment of the marriage between the parties. Service of the summons by publication was commenced against the defendant, a nonresident. He appeared by moving to dismiss the complaint. Within 20 days thereafter, plaintiff served an amended complaint in which a third cause of action was added. In that cause of action plaintiff seeks a money judgment for $20,000 alleged to have been fraudulently obtained from her by the defendant and his father. Defendant contends that though his motion to dismiss the complaint had the effect of a general appearance in the action, the court should as a matter of discretion dismiss the third cause of action without prejudice and remit plaintiff to an independent suit therefor. Defendant urges that he should not be subjected to a suit on a cause of action wholly separate and distinct from the causes asserted by plaintiff at the time of the former’s appearance in the action.
It is well settled that the right of a plaintiff to amend the complaint as a matter of course pursuant to section 244 of the Civil Practice Act includes the right entirely to change the nature of the cause of action asserted. (Brown v. Leigh, 49 N. Y. 78.) An amended complaint served as a matter of right may also add additional causes of action. Defendant’s motion to dismiss on the merits had the effect of a general appearance. ‘ ‘ A voluntary general appearance of the defendant is equivalent to personal service of the summons upon him.” (Civ. Prac. Act, § 237.) It follows that plaintiff had an absolute right to amend her complaint by substituting entirely different causes of action or by adding separate and distinct causes of action, just as if personal service of the summons had been made upon defendant.
The case of Alkalaj v. Alhalaj (190 Misc. 326) is clearly distinguishable. There the plaintiff did not amend as a matter of right but applied for permission to serve a supple *1062 mental complaint. That motion was addressed to the court’s discretion. In the instant case no discretion is vested in the court to curtail the plaintiff’s right to amend as a matter of course pursuant to section 244 of the Civil Practice Act.
The motion is denied, with leave to answer within 10 days from the service of a copy of this order with notice of entry.