W. B. OSBORN, Jr., Executor of the Estate of W. B. Osborn, Deceased, Plaintiff in Error,

v.

WHITE EAGLE OIL COMPANY, a Delaware Corporation, Defendant in Error.

No. 38276.

Supreme Court of Oklahoma.

Feb. 9, 1960.

As Corrected Oct. 17, 1960.

Rehearing Denied Oct. 18, 1960.

.  T. Murray Robinson, Leon Shipp, Oklahoma City, for plaintiff in error.

.  William R. Horkey, Leon C. Gavras, Tulsa, for defendant in error

JOHNSON, Justice.

This action was commenced in the District Court of Tulsa County, Oklahoma, by

the White Eagle Oil Company, a Delaware Corporation, against W. B. Osborn. The pleadings and evidence disclose that the plaintiff, White Eagle Oil Company, owned an undivided one-half interest in an oil and gas lease covering forty acres of land situated in Garvin County, Oklahoma; that Osborn, the defendant, owned an undivided one-sixth interest in the minerals under said tract (which minerals were unleased) and in addition thereto Osborn owned an oil and gas lease upon an undivided one-sixth interest in the minerals.

The White Eagle Oil Company commenced the drilling of an oil and gas well upon the tract of land and brought this action against Mr. Osborn, the defendant, upon an alleged oral contract for one-half of the amount allegedly spent for the drilling and equipping of said well.

A trial by jury resulted in a judgment for the plaintiff, the White Eagle Oil Company, against the defendant, W. B. Osborn, for $28,919.54. After the judgment was rendered Mr. Osborn died, and the action was revived in the name of the executor of his estate, W. B. Osborn, Jr.

This appeal is from that judgment.

The issues presented may be briefly stated to be: First, did the trial court acquire jurisdiction over the defendant in excess of the amount impounded by the garnishment proceedings? Second, does the statute of frauds prevent recovery? Third, is the cause of action barred by the statute of limitations? Fourth, does the evidence prove an enforceable oral contract?

The record admittedly shows no service of summons upon W. B. Osborn, a nonresident of Oklahoma, in this state but does show that after service by publication upon W. B. Osborn and personal service made upon him in the State of Texas and attachment or garnishment of property of his (valued at $1,422.66) in the State of Oklahoma, that he filed a pleading designated as a motion and demurrer, the pertinent part of which reads as follows:

"Comes now W. B. Osborn and first appearing specially for the purpose of this motion only, shows to the Court that no personal service of summons has been made upon him as a defendant herein, and that he does not enter any general appearance herein but limits his appearance to defending against the in rem judgment sought by the petition, and for further motion the defendant, without waiving the foregoing, demurs to the petition for the reason that the allegations therein together with all reasonable inferences deducible therefrom are insufficient to support a cause of action against this defendant."

This motion and demurrer was overruled. Thereupon, Osborn filed an answer, wherein he said:

"Comes now the defendant, W. B. Osborn, and without waiving in any manner his objections to the jurisdiction of this Court over his person as set forth in the first portion of his motion and demurrer previously filed in this cause, and continuing to assert the same, denies each and every allegation contained in plaintiff's petition and demands strict proof thereof.

"Further answering this defendant specifically denies either of the oral agreements alleged in plaintiff's petition but says that the same violates the Statutes of Frauds of the State of Oklahoma, in that it is an attempt to bind this defendant for indebtedness due by other parties or persons without any memorandum or agreement thereof being made and entered into in writing and signed by this defendant.

"Wherefore defendant prays that plaintiff take nothing against him in this action."

The plaintiff, White Eagle Oil Company, contends that because the defendant's motion questioning the jurisdiction of the court on the grounds that no personal service of summons had been had upon him was coupled with a general demurrer, and his answer, defending on the merits of the case, constituted a general appearance, and

thereby subjected defendant Osborn to the jurisdiction of the court for all purposes.

In support of this contention the White Eagle Oil Company cites numerous cases from Oklahoma and other jurisdictions. It is noted, however, that all of the Oklahoma cases cited on this question were all decisions prior to the adoption of 12 O.S. Supp.1953, Sec. 268A, Laws of 1953, p. 51, Sec. 1.

This section reads as follows:

"(a) All objections to defects that appear on the face of the petition, whether raised by motion or demurrer, except motions to quash the summons or process or the service thereof and motions to dismiss the action for improper venue, must be raised at the same time, and no waiver results from such objections being joined. Any objection not raised when the defendant demurs or interposes a motion is deemed waived except objections to the jurisdiction of the court or that the petition does not state facts sufficient to constitute a cause of action. If the court sustains any of the defendants [sic] objections so that the plaintiff amends or corrects his petition, the defendant may raise further objections by either motion or demurrer or both, but all such objections must be made at the same time.

"(b) Motions to quash the summons or process or the service thereof and to dismiss the action for improper venue may be joined with objections to defects that appear on the face of the petition, and such joinder does not constitute a waiver of the objections to jurisdiction or venue."

The rule contended for by the White Eagle Oil Company has been changed by the above quoted statute. An article on the question of "Appearance: Waiver of Objections to Service of Process or to Venue" appears in vol. 8, pg. 344, Oklahoma Law Review. Therein it is stated:

"Oklahoma long followed the rule that the question of improper service or venue must be raised, if at all, in defendant's first appearance made for that sole purpose, and if non-jurisdictional questions as well as the jurisdictional questions were raised in this first appearance, the jurisdictional objections were waived and the appearance deemed general on the ground that defendant's pleading invoked the jurisdiction of the court, even though defendant expressly denominated his appearance as special. Bingham v. Williams, 264 P.2d 751 (Okl.1953); Jameson v. Harvel, 139 Okl. 39, 280 P. 1080 (1929); Pratt v. Pratt, 41 Okl. 577, 139 P. 261 (1914). This rule was applied strictly, even in cases where defendant's first appearance was to vacate a default judgment. Myers v. Chamness, 102 Okl. 131, 228 P. 988 (1924); Ziska v. Avey, 36 Okl. 405, 122 P. 722 (1912). However, this rule has been changed, in that a recently enacted statute, 12 Okl.Stat. § 268A (Supp.1953), expressly provides that a motion which raises an objection to service or venue may be joined with objections to defects which appear on the face of the petition, and that such joinder does not constitute waiver of the objections to jurisdiction or venue."

�b Thus it is readily seen that the joinder of defendant's motion and demurrer was proper and did not constitute a general appearance for all purposes. Neither did defendant Osborn's answer constitute a general appearance and waiver of personal service as he renewed his objections to the court's jurisdiction over him and did not ask for affirmative relief. Wilkinson v. Whitworth, 169 Okl. 286, 36 P.2d 932. In the instant case the defendant, appearing specially, first made objection to the court's jurisdiction over him in his motion because of no personal service of summons upon him, a non-resident, and without waiving that objection and in the same pleading demurred to plaintiff's petition; renewed that objection without waiver in his answer, and again renewed same in his motion for a new trial and alleged that objection in

his assignments of error in his appeal, and argued it as his first proposition in his brief.

The substance of the White Eagle Oil Company's contention is whether under the common law, or the code procedure, in a quasi in rem proceeding, the defendant either appears generally and subjects his person to the jurisdiction of the court or defaults and permits the action to go to a judgment in rem, arguing that there is no middle course whereby the defendant Osborn may come into court and defend his interest in the res without appearing generally and subjecting himself to any other relief which may be appropriate in the action. Citing Bede Steam Shipping Co. v. New York Trust Co., D.C.S.D.N.Y., 54 F.2d 658; 10 Okl.Law Review, p. 452; Brainard v. Canalay, 10 Terry, Del., 182, 112 A.2d 862; Alkalaj v. Alkalaj, 1947, 190 Misc. 326, 73 N.Y.S.2d 678 (1947) and other cases of similar import.

It is further argued that the case of Consolidated Flour Mills Co. of Kansas v. Sayre Wholesale Grocer Co., 176 Okl. 482, 56 P.2d 781, discloses the procedure which the defendant should have followed if he wished the effect of the judgment limited to the res garnisheed; that if he had participated no further in this action after raising the question of jurisdiction, then he would have brought himself within the rules enunciated therein, asserting that this he failed to do. In this connection White Eagle Oil Co. cited the case of Yaffe v. Bank of Chelsea, Okl.1954, 271 P.2d 365, 370, and asserts that the case involves a situation similar to the case at bar; stating that therein after the defendant, a nonresident, was served by publication after attachment of his property, that this court held that the defendant had entered a general appearance and attached significance to the fact that the defendant demurred to the petition both generally and specially, and challenged the jurisdiction over his person and property. We do not agree.

In the Yaffe case, supra, this court said:

"Had he done nothing further except answer without asking for affirmative relief he would probably come within the cases cited by him and no personal judgment could be rendered against him. *But as shown above he asked the court on two occasions to make additional parties defendant, * * *. This was sufficient to enter his general appearance.*" (Emphasis supplied.)

The rule announced in the Yaffe case is stated in the third paragraph of the syllabus as follows:

"By asking the court on two occasions to make additional parties defendant on the grounds that a proper adjudication of the rights and liabilities between plaintiff and defendant could not otherwise be completely determined defendant asked for affirmative relief and thereby entered his general appearance and submitted to the jurisdiction of the court for all purposes. The court therefore had jurisdiction to enter a personal judgment against him."

No such relief was sought by the defendant Osborn.

■ The applicable rule in the instant case is found in the second paragraph of the syllabus in Mock v. Stricklin, Okl., 315 P.2d 247, 248, and reads as follows:

"An objection, by a defendant to the jurisdiction of the trial court over his person, may be raised and preserved by a special plea thereto or by objection included in the first pleading filed by him which would otherwise be a general appearance in defense."

■ We have recently held (following earlier cases) that a defendant does not make a demand for affirmative relief by filing pleadings defensive in nature, or pleading matter which tends to establish a defense or interpose a bar to plaintiff's right to recover. See Bingham v. Williams, Okl., 264 P.2d 751; Weber v. Bruce, 198 Okl. 106, 175 P.2d 800, and cited cases. It is only when a defendant makes a demand for relief for which he might maintain an action independent of plaintiff's claim and on which he might proceed to recovery

even though plaintiff abandoned his cause of action or failed to establish it that a defendant has demanded affirmative relief which would invoke the jurisdiction of the court and waive the special appearance. Harvey v. Bishop, 171 Okl. 497, 43 P.2d 48. For other cases, see 8 Okl.Law Review, p. 345, and Okl.Digest, Vol. 3, Appearance, ☞10.

■ We conclude that the defendant Osborn did not ask for affirmative relief and did not make a general appearance or waive his special appearance. Therefore the trial court erred in allowing a personal judgment against him.

■ In the more recent case of Southard v. Oil Equipment Corporation, Okl., 296 P.2d 780, 781, the rule is stated in the second and third paragraphs of the syllabus as follows:

"Defendant may appear specially and challenge court's jurisdiction, and if challenge is overruled, he may defend action, avoiding any request for affirmative relief, and have alleged error reviewed on appeal.

"No valid personal judgment can be obtained against a party unless he is personally served with process within the state or voluntarily enters his appearance."

In view of what we have said pertaining to the personal judgment against Osborn, and our holding relative thereto, we now consider the judgment as limited to the res garnisheed. That is, the sum of $1,422.66 which involves the remaining second, third and fourth issues hereinbefore stated or, in other words, whether or not, as contended by the defendant Osborn, the judgment as to the res should be reversed because the alleged claim upon which the verdict and judgment was based was either barred by the statute of frauds, the statute of limitation, or that the evidence was insufficient to establish the existence of an enforceable contract.

As to whether the evidence is sufficient to establish an oral agreement we observe that while Osborn denied any such contract, witnesses for plaintiff testified that the agreement was made. That created an issue of fact, and the jury's determination that the agreement was made is binding on this court.

■ As to the statute of limitations as a defense, although the petition does disclose a liability of more than three years' standing, it contains allegations showing that the statutes of limitation may not have run, and does not in any instance affirmatively show that they have run, therefore this defense in this case could not be raised by demurrer. Reed et al. v. Humphrey, 69 Kan. 155, 76 P. 390; Tucker v. Leonard, 144 Okl. 264, 291 P. 124.

As to the defense of the statute of frauds, we observe that under the verdict of the jury there was an oral agreement by Osborn, and since that is taken as true, and since the judgment here allowed amounts to less than the proportionate ownership of Osborn, and he is not held liable for any sum which was or could have been an obligation or debt of another of his associates, we find it unnecessary to further discuss the applicability of the statute of frauds.

■ However, as to the contention relative to the insufficiency or lack of evidence to sustain the judgment as limited to the res garnisheed, we apply the long-established rule that in a jury trial of legal cognizance, we will not weigh the evidence, but will examine same for the purpose of determining whether the evidence, together with all permissible inferences to be drawn therefrom, reasonably sustains the jury's verdict and the court's judgment based thereon. Applying the rule to the facts in the instant case, we hold that the judgment as limited to the res garnisheed is reasonably sustained by the record.

For the reasons given herein, the judgment is reversed and remanded with directions to vacate the personal judgment against Osborn for $28,919.54 in favor of the plaintiff, and the court is further di-

rected to enter judgment for plaintiff for $1,422.66, the value of the res garnisheed.

DAVISON, C. J., and WELCH, HALLEY, BLACKBIRD, JACKSON and IRWIN, JJ., concur.

WILLIAMS, V. C. J., and BERRY, J., dissent.