### Montgomery W. Chapman v. Marjory E. Chapman

(102 A2d 849)

January Term, 1954.

Present: **Sherburne, C. J., Jeffords and Adams, JJ., and Hulburd, Supr. J.**

Opinion Filed February 2, 1954.

*Osmer C. Fitts* and *Paul N. Olson* for the petitioner.

*Lawrence C. Jones* and *Albert G. Avery* (of the New York bar) for the petitionee.

**Sherburne, C. J.** This is the second petition for a new trial in a divorce action between the parties which was heard at the September term, 1951, of Rutland county court. It is brought to this Court under the provisions of V. S. 47, §2158. The first petition was dismissed because of defective service. See 118 Vt 120, 100 A2d 584. This petition is met by a motion to dismiss on the ground that there is no required showing of diligence by the petitioner or his counsel. For convenience we will refer to the parties as Mr. and Mrs. Chapman.

The petition shows the following facts in chronological order: At the March term, 1950, of Rutland county court Mrs. Chapman brought an action against Mr. Chapman seeking from him a divorce from bed and board for the limited period of four years, in which attorneys other than their present counsel appeared for the respective parties, the attorney for Mrs. Chapman still appearing, and the attorney for Mr. Chapman continuing to appear until on or about the commencement of the proceedings of December 17, 1951, hereinafter set forth, after which Mr. Chapman was not represented or present and was without counsel of record. Except for an

early hearing on temporary alimony and support during the pendency of the libel no trial or action was taken thereon in court until after November 23, 1951. On November 23, 1951, Mr. Chapman, then of Miami, Florida, secured an order, judgment and decree of the circuit court in Dade county, Florida, a court of competent jurisdiction, against Mrs. Chapman dissolving the bonds of matrimony between them. On December 13, 1951, Mrs. Chapman purported to file an amendment to her libel in Rutland county court, by striking therefrom the prayer for a divorce from bed and board and substituting therefor a prayer for a bill of divorce and that the bonds of matrimony between the parties be dissolved. On December 17, 1951, the court entered a purported order allowing such amendment, and pretending to hear and assume jurisdiction between the parties, pretended to hear the matters alleged in the amended libel. At no time did Mrs. Chapman advise the court of the dissolution of the marriage between the parties on November 23, 1951, by the Florida court. On such December 17 she advised the court that no proceedings for divorce between them was otherwise pending, but that she had heard that divorce proceedings had been commenced in Florida by her husband, and her attorney, upon being inquired of by the court as to whether such a divorce had been granted in Florida, answered in the negative. By reason of the failure of the county court to be advised of the proceedings taken on November 23, 1951, it was not advised that it lacked jurisdiction to consider the proposed amendment to the libel or to consider the matter in anyway, and on such December 17, did purport to determine its own jurisdiction and did direct the entry of an order dissolving the marriage of the parties and made orders as to the disposition of property owned by the parties and the payment of alimony by Mr. Chapman.

Under our procedure in divorce cases a libellee without special plea may show at the trial any fact that will defeat the libellant, such as condonation, recrimination or former adjudication. *Hemenway* v. *Hemenway*, 65 Vt 623, 27 A 609; *Burton* v. *Burton*, 58 Vt 414, 418, 5 A 281; *Shackett* v. *Shackett*, 49 Vt 195; *Blain* v. *Blain*, 45 Vt 538, 544. If

there has been a conclusive adjudication of a subject in some other court, it is the duty of him who relies upon it to plead it or in some other manner bring it to the attention of the court in which it is sought to be enforced. *Bluthenthal* v. *Jones*, 208 US 64, 28 S Ct 192, 52 L ed 390. If a party neither pleads nor proves what has been decided by a court of competent jurisdiction in some other case between himself and his antagonist, he cannot insist upon the benefit of res judicata. *United States* v. *Bliss*, 172 US 321, 19 S Ct 216, 43 L ed 463.

■ County court rule 5 directs that on the filing of any paper the Clerk shall immediately give written notice thereof to counsel. County court rule 15, §4 directs that duplicates of all amendments and alterations of pleadings and all written motions and notices required to be filed, shall be made and left with the clerk for the adverse party, and that the clerk shall forthwith deliver or transmit by mail to the adverse party or his counsel of record such duplicate copy. Mr. Chapman was represented by counsel on December 13, 1951, the day when the amendment to Mrs. Chapman's libel was filed, and continued to be so represented until December 17. There is a presumption that the clerk did his duty under such rules in notifying Mr. Chapman's counsel of the filing of such amendment, and in delivering or transmitting by mail a duplicate copy thereof. *White* v. *Hall*, 91 Vt 57, 63, 99 A 274. Prompt knowledge of the amendment by Mr. Chapman and his counsel is not denied, and it is significant that his counsel should withdraw on the very day that the cause was heard.

■ Any negligence or other fault on the part of a petitioner or his counsel will defeat a petition to this Court for a new trial. *Halloran* v. *New England Tel. & Tel. Co.*, 95 Vt 273, 286, 115 A 143, 18 ALR 554. In that case the petition asked that a retrial be granted to enable the defeated party to take advantage of a defense available at the trial, but not presented through counsel's misapprehension of the law. On the assumption that the facts set forth in the petition would afford a complete defense to the action against the petitioner, the Court thought the petition should be dismissed for lack of diligence. It there appeared that the petitioner was, at the

time of the trial, in possession of information obtained at first hand, which, if communicated to its counsel, would have made it the clear duty of the latter to raise the defense at the trial, and the omission to do so such negligence as to disentitle the former to relief.

The petition here alleges no facts from which it can be inferred that Mrs. Chapman or her counsel concealed the Florida proceedings from the court. But, however that fact may be, Mr. Chapman had information of the Florida divorce, which, if communicated to his counsel, would have made it the duty of the latter to bring it to the attention of the court in opposition to any further proceedings upon Mrs. Chapman's libel. As in the case last cited we think that the petition should be denied for lack of diligence.

*The motion to dismiss the petition is granted, and the petition is dismissed with costs to the petitionee.*