MARJORY E. CHAPMAN, Appellant, *v.* MONTGOMERY W. CHAPMAN, Respondent.

Third Department, July 8, 1954.

*Thomas J. McCarthy* and *Albert G. Avery* for appellant.

*Richard J. Bartlett* and *Louis M. Carusone* for respondent.

HALPERN, J. The plaintiff appeals from an order denying a motion for summary judgment in an action brought to recover upon the alimony provisions of a divorce judgment granted by the courts of the State of Vermont.

The parties were married in New York State on July 28, 1944. They established their marital home in Rutland County, Vermont, in 1945 and remained together until some time in 1949. In September, 1949, the defendant left Vermont and returned to his family's home at Glens Falls, New York. The plaintiff brought an action in the County Court of Rutland County, State of Vermont, on February 14, 1950, for a separation, which is known in Vermont as a divorce from bed and board. In her complaint, the plaintiff sought " a divorce from bed and board for the limited period of four years ", upon various grounds, including nonsupport, and also asked that she be awarded " separate maintenance out of the estate or property " of the defendant. The defendant was served with the summons and complaint in the Vermont action in New York State. He appeared generally by a Vermont attorney and interposed an answer consisting of a general denial.

Subsequently, a motion was made for temporary alimony and, after a hearing at which the defendant appeared in person, the defendant was ordered to pay $100 monthly during the pendency of the action. A separate action was brought in this State to recover for the arrears under the temporary alimony order. A summary judgment was granted in that action, which is not in any way involved in this appeal.

The plaintiff's Vermont attorney moved the case for trial for November 20, 1951. The defendant was then living temporarily

in Pittsburgh and he was notified by telegram by his Vermont attorney of the prospective trial date. The defendant did not respond but the trial in Vermont was adjourned for a month to December 17, 1951, and, on December 12th, the defendant's attorney wrote to the defendant at his Pittsburgh address advising him of the new trial date and stating that, unless instructions were received to the contrary, he would withdraw from the case. No response was received to this letter and, on December 15th, the defendant's Vermont attorney filed a motion for leave to withdraw as the defendant's attorney. In the meantime, on December 13th, the plaintiff had filed with the Clerk of the Vermont County Court a motion to amend her action from an action for divorce from bed and board for four years to one for an absolute divorce and to change the prayer for " separate maintenance " to one for " suitable alimony ". This motion was filed in accordance with the local practice and, under that practice, the County Clerk was required forthwith to transmit one copy of the notice to the defendant's attorney.

On December 17, 1951, the adjourned trial date, the Vermont County Court granted the plaintiff's motion to amend, granted the motion of the defendant's attorney to withdraw and then proceeded to hear the plaintiff's case on the merits. The court, on the same day, granted the plaintiff an absolute divorce, decreed to her the real property which the parties had owned by the entirety and further awarded to the plaintiff, in lieu of alimony, the lump sum of $25,000.

In the meantime, the defendant had become a domiciliary of the State of Florida and, on September 14, 1951, he had commenced a divorce action in Florida against his wife by constructive service. She was not served with any process within the State of Florida and she did not appear in the action. The defendant obtained a judgment of divorce in his favor in Florida on November 23, 1951. However, the defendant did not amend his answer in the Vermont court to set up the Florida divorce nor did he take any other steps to bring it to the attention of the court.

Subsequently, the plaintiff brought this action in New York State to recover a judgment in the amount of $25,000 under the alimony provisions of the Vermont divorce decree. The defendant interposed an answer containing denials and various affirmative defenses. The plaintiff moved for summary judgment and, from the denial of that motion, this appeal has been taken.

The crucial question before us is whether the Vermont judgment was validly rendered in accordance with the requirements of due process of law. If the judgment was a valid one, we are required to give it full faith and credit under the Federal Constitution.

We are of the opinion that the Vermont courts failed to comply with due process of law in the rendition of the judgment against the defendant and that, therefore, we are neither required nor permitted to enforce the judgment in this State (*Griffin* v. *Griffin*, 327 U. S. 220).

Since the plaintiff was a bona fide resident of Vermont, the State of Vermont had jurisdiction over the matrimonial status of the parties and the Vermont courts had the power to grant a valid judgment of divorce or separation in favor of the plaintiff upon constructive service upon her husband (*Williams* v. *North Carolina*, 317 U. S. 287). However, so far as appears upon this motion, the defendant was not domiciled in Vermont at the time of the commencement of the action; therefore he was not personally subject to the jurisdiction of the State of Vermont. The Vermont courts could not render a valid personal judgment against the defendant unless he was subjected to their control by service of process within the State or by a general appearance.

The defendant had appeared generally in the action for a separation and had subjected himself to the jurisdiction of the Vermont courts and, if a judgment for support had been entered against him in that action, it would have been valid and binding. The withdrawal of the defendant's attorney did not result in a withdrawal of the defendant's appearance. The appearance by the defendant once made could not be withdrawn without the consent of the court and, so far as appears from this record, such consent was not given.

However, the plaintiff chose not to proceed with her complaint for a separation. She moved to amend her complaint to substitute for the cause of action for a four-year separation, a cause of action for an absolute divorce. This constituted a new and different cause of action. " The action for absolute divorce is entirely different in every respect from an action for a separation. They have no relation one to the other, and proceed under entirely different divisions of the statute law ". Amending from one to the other is " changing entirely the whole scope of the action " (*Robertson* v. *Robertson*, 9 Daly 44, 53, 54, appeal dismissed 81 N. Y. 639; see, also, *Schuster* v. *Schuster*, 9 N. J. Super. 11, and cf. *Karameros* v. *Luther*, 279 N. Y. 87).

Even though the grounds for a separation and for an absolute divorce are the same in Vermont, they constitute different statutory causes of action (see Vermont Statutes [Revision of 1947], §§ 3205, 3218). While the term " cause of action " has different meanings for different purposes, we must regard the amendment of the complaint so as to shift from separation to divorce as a substantial change of the cause of action, for the purpose of determining the validity of a default judgment entered upon the amended complaint.

## I

Upon amending the complaint from one for separation to one for divorce, it was the duty of the plaintiff to give notice of the new cause of action to the defendant and to give him a reasonable opportunity to be heard. " A judgment by default is void if it was outside the cause of action stated in the [original] complaint and if the defendant was not given a fair opportunity to defend against the claim on which the judgment was based. Such a judgment is subject to collateral attack. * * * This does not mean, however, that the court may not permit an amendment of the pleadings so as to raise issues not raised by the original pleadings, provided that the parties have an opportunity to be heard on the issues raised by the amended pleadings " (Restatement, Judgments, § 8, comment c; see, also, Restatement, Conflict of Laws, § 75).

It should be borne in mind that the question of the validity of the judgment arises upon a motion for summary judgment. Under the elementary rule, for the purpose of determining whether a summary judgment for the plaintiff should be granted, we must accept the defendant's version of the facts as to all points upon which there is an open question of fact.

Accepting the defendant's version of the facts in accordance with this rule, it clearly appears that the defendant did not have adequate notice of the pendency of the action for divorce or a reasonable opportunity to defend against that claim. The defendant states in his affidavit upon this motion that he " never knew until after December 17, 1951 that the plaintiff had been granted permission to amend her Complaint for a Separation action to a Divorce action."

This is not directly controverted by the plaintiff's proof. At most, the record offered by the plaintiff shows that a notice of motion to amend had been filed with the court clerk and, presumably, that the clerk had transmitted a copy to the defendant's attorney but it does not appear that the defendant's attorney

was present when the motion was heard or that the defendant's attorney was notified, prior to the time when he was given leave to withdraw from the case, that the motion to amend had been granted. There is therefore no basis for charging the defendant with notice, through his attorney, that the motion to amend had been granted and that the action had in fact been converted into one for absolute divorce. It is undisputed that no notice was given to the defendant directly, by mail or otherwise, although his address was readily ascertainable (cf. *Mullane* v. *Central Hanover Trust Co.,* 339 U. S. 306).

Furthermore, it is indisputable upon this record that the defendant was not given a reasonable opportunity to appear and defend the divorce action. No time was allowed for an answer to the complaint as amended. The court proceeded to hear the proof and to grant the divorce decree on the same day on which it had granted the motion to amend. The defendant was not given notice of the hearing; he had notice that a hearing would be held in the separation action but this was not notice of a hearing upon the amended complaint for an absolute divorce. The defendant's attorney had been given leave to withdraw prior to the hearing, so there was no representation of the defendant at the hearing which could take the place of notice. We are constrained, upon the present record, to hold that the judgment of absolute divorce was void for want of procedural due process (*Griffin* v. *Griffin,* 327 U. S. 220, *supra*; Restatement, Judgments, § 6, comment f).

The judgment of divorce being void *in toto,* the provision for a lump sum payment in lieu of alimony necessarily falls with the rest of the judgment. The plaintiff argues that the portion of the judgment awarding a money recovery may be upheld even though the decree of divorce falls but there is no basis for thus severing the judgment. The plaintiff asks us to treat the action as if there had been in the original complaint a separate cause of action for a money recovery which had remained unamended, so that a valid judgment could be entered upon that cause of action without further notice, notwithstanding the amendment of the complaint in other respects. But there was no such cause of action in the complaint. There was only a demand for separate maintenance as an incident to a separation action. It does not appear that a separate action for a lump sum recovery in lieu of support could have been brought under the Vermont statutes (cf. *Querze* v. *Querze,* 290 N. Y. 13, 18) but even if it could, no such action had been brought and no notice had been given to the defendant of the institution of any such action.

The money judgment in the divorce action cannot be sustained on the ground that a similar judgment could have been granted as an incident of the separation action. The fact remains that the judgment was not so granted but was granted as an incident to a divorce decree, which we have found to be invalid. Furthermore, it does not appear that under the Vermont statutes a lump sum judgment of $25,000 in lieu of alimony could have been granted in the separation action. No decision on this point by the Vermont courts has been brought to our attention but we note that the Vermont statutes provide that '' Upon decree of divorce from bed and board, the court may assign to the petitioner a separate maintenance out of the estate or property of the petitionee, in such manner and of such amount as it may deem necessary '' (Vermont Statutes [Revision of 1947], § 3219). A provision for separate maintenance presumably would call for periodic payments for continuing support during the period of the separation rather than a lump sum. It should be noted that when the plaintiff amended her complaint so as to seek a divorce instead of a separation, she struck from the prayer for relief in the complaint the prayer for '' separate maintenance '' and asked instead for '' suitable alimony ''.

The only express authority in Vermont for the granting of a lump sum award in lieu of alimony is found in section 3244 of the Vermont Statutes which provides that '' Upon dissolution of marriage, the court may decree to the wife such part of the real and personal estate of her husband, or such sum of money to be paid in lieu thereof by the husband, as it deems just ''. The plaintiff argues that section 3244 is applicable to separation actions by virtue of section 3220 of the Vermont Statutes, which authorizes the court '' In proceedings for divorce from bed and board '' to make '' such orders and decrees in respect to the property of the parties   *   *   *   as it may make upon libels for a divorce from the bond of matrimony ''. In view of the express provision in section 3219, referred to above, for '' separate maintenance '' in an action for divorce from bed and board, and in view of the fact that section 3244 is expressly limited to decrees for '' dissolution of marriage '', it may reasonably be concluded that the provision of section 3244 for the awarding of a '' sum of money to be paid in lieu '' of alimony is not applicable to separation actions, notwithstanding the provision of section 3220. Moreover, even if we assume that, by force of section 3220, section 3244 is applicable to an action for separation or that, by virtue of section 3219, the court may allow a lump sum in lieu of

separate maintenance in a separation action, a judgment for $25,000 could not have been granted upon the original complaint in this case. The original complaint sought a separation only for a four-year period and the court could have allowed upon that complaint only such lump sum as would have been appropriate in lieu of support for four years. This would obviously not have led to a judgment for $25,000, the amount which the court fixed in lieu of support of the plaintiff for her whole lifetime. In pointing out this fact, we are not undertaking to pass upon the exercise of discretion or judgment by the Vermont courts in fixing the amount of the judgment; we are merely underlining the fact that the judgment here sought to be enforced did not represent the Vermont court's judgment as to a suitable lump sum for a four-year separation, as asked for in the original complaint, but represented its judgment as to an award in lieu of alimony for the plaintiff's lifetime upon a dissolution of the marriage.

The inescapable fact is that the change of the complaint from an action for a four-year separation to one for divorce not only radically altered the nature of the marital relief but also substantially altered the nature of the monetary relief sought.

It is thus apparent that there is no way in which the plaintiff can save the money judgment portion of the decree, upon the invalidation of the divorce decree because of the failure to give the defendant adequate notice and a reasonable opportunity to defend.

II

Even if adequate notice of the amended complaint had been given to the defendant, it is questionable whether the Vermont courts would have had any power to render a personal judgment against the defendant as an incident to the new cause of action for divorce. The court had jurisdiction over the person of the defendant only by reason of his appearance in the original action. This appearance related to a cause of action for separation and it may well be held that the appearance did not extend to a new cause of action subsequently substituted by amendment. The applicable principle is set forth in comment g of section 5 of the Restatement of Judgments as follows:

" If a plaintiff brings an action against a defendant who is subjected to the jurisdiction of the court * * * by his general appearance in the action * * * the jurisdiction of the court over him continues although the complaint is amended.

where the effect of the amendment is not to add or substitute a different cause of action from that stated in the complaint.

" The result is different, however, where by an amendment a different cause of action is added to or substituted for the original cause of action, if when the amendment is made the defendant is no longer subject to the jurisdiction of the State. This is true whether or not notice of the amendment is given to the defendant. If no notice of such an amendment is given to the defendant, and judgment is rendered against him by default, a judgment for the plaintiff on the new cause of action is void (see Comment *c* on § 8). Even if notice of the amendment is given to the defendant, the judgment for the plaintiff on the new cause of action is void because of lack of jurisdiction of the court over him. The fact that the court has acquired jurisdiction over the defendant with respect to the original cause of action does not give the court jurisdiction over him as to other causes of action. In such a case the court cannot give a valid judgment against the defendant as to these other causes of action unless the defendant is not only given notice but is subjected to the jurisdiction of the court as to these causes of action. * * * The result is the same also where the defendant was not otherwise subject to the jurisdiction of the court but entered a general appearance in the action before the complaint was amended. * * *

" The fact that by statute or otherwise a plaintiff is permitted to add or to substitute new causes of action by amendment is not sufficient to give the court jurisdiction over the defendant as to such new causes of action if at the time of the amendment the defendant is no longer subject to the jurisdiction of the State. Such provisions are applicable only where at the time of the amendment the State has jurisdiction over the defendant; they are procedural rather than jurisdictional."

Under this principle, the Vermont courts had no jurisdiction over the defendant personally upon the new cause of action by virtue of his original appearance and they could acquire personal jurisdiction over him only if service were made upon him personally within the State of Vermont or if a new appearance were made by him with respect to the new cause of action. In the absence of such service or appearance, the Vermont courts could render only a judgment in rem against the defendant; they could not enter a valid personal judgment for alimony.

The view expressed in the Restatement of Judgments has not as yet been explicitly approved by the United States Supreme Court. It may be noted that, while the Restatement of Judg-

ments purports to state a constitutional principle which is beyond the reach of local law (Restatement, Judgments, § 4, comment b), the American Law Institute had, in an earlier Restatement, that of Conflict of Laws, taken the position that the State had the power to provide by statute that a general appearance would have the effect of subjecting the defendant to the jurisdiction of the court "not only with respect to claims stated in the original complaint but also to the claims by the same plaintiff stated in amendments to the complaint" (Restatement, Conflict of Laws, § 82, comment d). No attempt is made in the Restatement of Judgments to reconcile the view there expressed with this earlier comment.

Under the New York practice, it is apparently permissible for the plaintiff to add a new cause of action to the complaint by amendment as of right, within the time prescribed for such amendments, in an action against a nonresident defendant after the defendant had voluntarily appeared in the action (*Mendoza* v. *Mendoza*, 77 N. Y. S. 2d 169, affd. 273 App. Div. 877, appeal dismissed on the ground that the order was nonfinal 297 N. Y. 950; see Sixteenth Annual Report of N. Y. Judicial Council, 1950, p. 191). However, the constitutionality of this practice was apparently not raised or considered in the *Mendoza* case and it has been argued by scholarly writers upon the subject that the constitutional rights of the nonresident defendant were infringed by the decision in that case (Frumer, "Jurisdiction and Limited Appearance in New York: Dilemma of the Nonresident Defendant", 18 Ford. L. Rev. 73, 93; Frumer and Graziano, "Jurisdictional Dilemma of the Nonresident Defendant in New York—A Proposed Solution", 19 Ford. L. Rev. 125, 138). Where the amendment could be made only by leave of the court, some New York courts have denied leave to amend the complaint to set up a new cause of action, as a matter of discretion, in an action against a nonresident defendant over whom the court had jurisdiction only by reason of a voluntary appearance (*Alkalaj* v. *Alkalaj*, 190 Misc. 326; *Phillips* v. *Phillips*, N. Y. L. J., Feb. 16, 1948, p. 584, col. 3; but, see, *Wajtman* v. *Brooklyn Eastern Dist. Term.*, 276 App. Div. 853). There was, however, no intimation in the cases cited that a constitutional question was involved.

Considerations of fairness obviously support the position taken in the Restatement of Judgments. A nonresident defendant who desires to appear voluntarily in order to defend against a specific cause of action ought not to be compelled, as a condition of being permitted to make his defense, to submit to the jurisdiction of the court with respect to other causes of action.

The Restatement of Judgments states this not only as a matter of fairness but as a matter of constitutional right. (Generally in support of the view expressed in the Restatement of Judgments, see *Ex parte Indiana Transp. Co.,* 244 U. S. 456; *Fidelity & Cas. Co.* v. *Bank of Plymouth,* 213 Iowa 1058; *Hay* v. *Tuttle,* 67 Minn. 56; *Maya Corp.* v. *Smith,* 32 F. 2d 350; cf. *Finizio* v. *Finizio,* 124 N. Y. S. 2d 121, and *Peri* v. *Groves,* 183 Misc. 579, 584.)

In *Schuster* v. *Schuster* (9 N. J. Super. 11, *supra*) the court expressly approved and followed comment g to section 5 of the Restatement of Judgments. The facts in the *Schuster* case were similar to those in the present case, except that the amendment consisted of the addition of a cause of action for separate maintenance to a complaint for divorce.

If the comment in the Restatement of Judgments is accepted as stating a sound constitutional principle, it follows that the personal judgment rendered against the defendant by the courts of Vermont must be held to be void for want of jurisdiction, without regard to the sufficiency of the notice of the amendment and without regard to the validity of the divorce decree as a judgment affecting the status of the parties. However, there is no need to reach a final conclusion upon that question in this case since, as we have already indicated, the notice of the amendment was plainly inadequate and the Vermont judgment entered upon the amended complaint was therefore void *in toto*.

### III

Neither do we find it necessary to consider the question which is discussed at length in the briefs of the parties, as to the validity of the divorce obtained by the defendant husband in the State of Florida. The invalidity of the Vermont divorce does not rest upon the fact that the defendant had previously obtained a Florida divorce but rests rather upon the failure to comply with due process in the obtaining of the Vermont decree.

If the Vermont judgment had been obtained in accordance with due process of law, it would have been binding upon us notwithstanding the fact that the defendant had previously obtained a Florida divorce. If the defendant wished to take advantage of the Florida divorce in the Vermont litigation, it was his duty to plead it or otherwise to bring it to the attention of the Vermont court. Having failed to do so, he cannot collaterally attack the Vermont judgment upon the ground that he had previously obtained a Florida decree with which the Vermont judgment is in conflict (cf. Restatement, Judgments, § 13, and *Bluthenthal* v. *Jones,* 208 U. S. 64).

If the defendant had brought the Florida decree to the attention of the Vermont courts, other questions, which are discussed in the briefs, would have arisen. First, it would have become necessary to determine whether the defendant had been domiciled in Florida at the time of the rendition of the decree. If it were found that he had been so domiciled, the Vermont courts would have been required to hold that the Florida decree was effective to sever the marital relationship between the parties and that the Vermont courts could not grant a divorce in favor of the wife, but a question would still have remained as to whether the Vermont courts, notwithstanding the Florida decree, could give the former wife an award for alimony or maintenance, in view of the fact that she had not been personally subjected to the jurisdiction of the Florida courts (*Estin* v. *Estin*, 334 U. S. 541; cf. N. Y. Civ. Prac. Act, § 1170-b, as added by L. 1953, ch. 663). Since the Florida decree was not raised in the Vermont action, none of these questions arose in the Vermont litigation and they do not arise here.

It appears that more than a year after the granting of the Vermont decree, the defendant applied to the Vermont Supreme Court for a new trial on the ground that the Florida divorce barred the granting of the Vermont decree. The Supreme Court of Vermont held that the defendant had been guilty of lack of diligence in bringing this defense to the attention of the County Court and therefore denied the defendant's petition (*Chapman* v. *Chapman*, 118 Vt. 166). However, the invalidity of the Vermont decree on due process grounds was not raised upon the motion for a new trial and was not passed upon by the Vermont court. Since the petition was denied, the defendant was not given an opportunity to defend the divorce action and the due process defect was not cured (*Weaver* v. *Weaver*, 96 Misc. 476). The application to the Vermont Supreme Court therefore did not bar the defendant from attacking the validity of the Vermont decree when the decree was sought to be enforced in this State.

The order appealed from should be affirmed, with costs.

Foster, P. J., Bergan, Coon and Imrie, JJ., concur.

Order affirmed, with $25 costs. [See *post*, p. 857.]