Andrew W. Ryan, J.
The plaintiff, Marjory E. Chapman, in the above-entitled action has moved this court for an order compelling the defendant herein to enter judgment dismissing plaintiff’s complaint on the merits, or, in the alternative, for leave to plaintiff to enter judgment dismissing plaintiff’s complaint on the merits.
The plaintiff instituted the above-entitled action against the defendant, and after joinder of issue, made a motion at a Special Term of the Supreme Court for summary judgment. Her motion for summary judgment was denied at Special Term, (Gibson, J.), and the plaintiff appealed from the order denying the motion to the Appellate Division. The order of the Special Term denying the motion for summary judgment was affirmed by the Appellate Division by order entered on July 14, 1954 (Chapman v. Chapman, 284 App. Div. 504).
There is no provision in the decision of the Appellate Division nor in the order, directing the defendant to enter final judgment, nor has there ever been any disposition or determination of the above-entitled action on the merits. All that has transpired up to the present time is, that the plaintiff’s motion for summary judgment has been denied, and the denial of that relief has been affirmed by the Appellate Division. That is the present status of the litigation.
The plaintiff now seeks an order requiring the defendant to enter judgment dismissing the complaint on the merits, or, in the alternative, to permit the plaintiff to enter judgment dismissing the complaint upon the merits.
The plaintiff in her moving papers alluded to the fact that such relief could have been granted by the Appellate Division, but the fact remains, that the Appellate Division did not provide such relief, nor does it appear that any application has ever been made to the Appellate Division to amend its order incorporating such relief.
The plaintiff submits no authority, nor has this court been able to find any authority, by which this court can grant the relief sought in the moving papers.
The motion is denied, and an order in accordance herewith may be submitted.