Charles M. Hughes, J.
This is an action brought to recover a sum of money upon the alimony provisions of a divorce judgment granted by the courts of the State of Vermont.
A résumé of the proceedings which have taken place will be helpful. On December 17, 1951, the plaintiff obtained a judgment of absolute divorce and, in lieu of alimony, the lump sum of $25,000 was awarded. On November 3, 1953, the Supreme Court of Vermont denied the defendant’s petition for a new trial because of improper service. (See Chapman v. Chapman, 118 Vt. 120.) On February 2, 1954, another petition for a new trial was dismissed for lack of diligence by the defendant. (See Chapman v. Chapman, 118 Vt. 166.)
The instant action is to recover the sum of $25,000 awarded by the Vermont judgment with interest, which was commenced by attachment issued pursuant to an order granted February 27, 1952. It was followed by personal service within this State on March 5, 1952. The defendant answered and there followed a motion for summary judgment by the plaintiff.. On April 5, *66 1954, Justice James Gibson denied the motion at a Special Term of the Supreme Court, Warren County. An order was entered thereon and on July 8, 1954, the Appellate Division, Third Department (284 App. Div. 504, Halpern, J.) aErmed that order. On July 22, 1954, the plaintiff moved before the Appellate Division to certify a question of law to the Court of Appeals; namely, whether the Vermont judgment was entitled to full faith and credit. This motion was denied without opinion September 14, 1954 (284 App. Div. 857). On October 11, 1954, plaintiff moved on the Appellate Division’s opinion which afirmed the denial for summary judgment (284 App. Div. 504), to (1) compel defendant to enter final judgment, or, in the alternative, (2) leave to do so herself so that a direct appeal could be taken therefrom to the Court of Appeals. This motion was denied in an opinion of Justice Andrew Byan on January 20, 1955, on the ground that such relief should be ordered by the Appellate Division. On February 20, 1955, plaintiff moved in the Appellate Division, and on March 16, 1955, that court issued a Per Curiam decision, denying the motion without costs but holding: “ Upon the trial the questions of fact concerning which we accepted the version most favorable to the defendant for the purpose of passing upon plaintiff’s motion for summary judgment, should be fully explored. The facts should be fully developed as to what took place in the Vermont Court on December 17, 1951. If it should appear that the defendant’s attorney was present when the plaintiff’s motion to amend the complaint was granted or that, in some other manner he was given notice of the fact that the complaint had been amended from one seeking a four-year separation to one seeking an absolute divorce, prior to the time when he was given leave to withdraw from the case, a different case would be presented from that which was before us upon the appeal from the denial of summary judgment for the plaintiff.” (Italics supplied.) (285 App. Div. 991.)
In accordance with the foregoing decision, the case was noticed for trial and by stipulation of the parties and the respective attorneys of record, the case was tried before the court without a jury.
The evidence revealed that the parties were married in New Sfork State on July 28,1944. A marital domicile was established in Butland County, Vermont, in 1945 and the parties remained together until sometime in 1949. On February 14, 1950, the plaintiff commenced an action against the defendant in the County Court of Butland County, Vermont, a court of record and general jurisdiction. The action was for a separation which *67 is known in Vermont as a divorce from bed and board. The defendant was served with the summons and complaint without the State of Vermont. A general appearance was entered by Messrs. Lawrence and O’Brien, Vermont attorneys, and an answer was interposed on the merits. The defendant appeared personally at a hearing on alimony pendente lite at which he was ordered to pay $100 monthly.
The plaintiff’s Vermont attorney moved the case for trial for November 20, 1951. The defendant then being in Pittsburgh, was notified by telegram on November 17, 1951, relative to the prospective trial date. The defendant made no reply and the trial date in Vermont was set as December 17, 1951. On December 12,1951, the defendant’s attorney wrote to the defendant at his Pittsburgh address advising him of the new trial date and that he was withdrawing from the case, -unless instructions were received to the contrary. The defendant made no reply to this letter. On December 13, 1951, the plaintiff’s Vermont attorney, Mr. Loveland, moved to amend the prayer for relief from divorce from bed and board for four years, with separate maintenance to an absolute divorce with suitable alimony. The motion was filed with the County Clerk of Rutland County.
Subdivision (4) of rule 15 of the County Court Rules provides that he forthwith deliver a duplicate of the written motions and notices required to be filed to each adverse party or his counsel.
The clerk accepted the proposed amendment to the libel without obtaining a copy for the defendant or his attorney. George NT. Harman, the clerk of the Rutland County Court for 40 years and a member of the Vermont Bar, testified that though this was not in strict compliance with subdivision (4) of rule 15, it was the general practice. The County Clerk testified that this was the practice and that he would not accept the original motion for filing unless he was satisfied that a copy thereof had been delivered to the opposition. An admission of service of a copy of the proposed amendment was obtained on December 14, 1951 from a secretary employed by Lawrence & 0 ’Brien. It was the practice of the firm of Lawrence & O’Brien to accept papers signed for by their secretary. He further testified that it was the practice of the office of Lawrence & O’Brien to come in and sign for the papers. There is no question but that a copy of the motion to amend was received by the firm of Lawrence & O’Brien. The County Clerk’s records attest to this fact. It is also presumed in the law that a public officer does his duty unless it is affirmatively shown that it was not so performed. The court based on this evidence finds that the defendant’s attorney prior to the time he was given leave to withdraw from *68 the case, had notice relative to the motion to amend the prayer of relief for a limited divorce from bed and board to an absolute divorce.
On December 15, 1951, the defendant’s attorney filed a motion to withdraw from the case, said motion being returnable on December 17, 1951, the date set for trial of the action. A copy of the motion was mailed to the plaintiff’s attorney and received by him on December 17, 1951. On that day a hearing in chambers was had relative to both motions. The defendant’s attorney, O’Brien, testified that he was not certain whether he was in court on the return day, and that he previously discussed his intention to withdraw with Judge Chase and that it was his understanding that he would be permitted to withdraw. He further testified he had no knowledge of the amendment until sometime after the case was heard on the merits. He had no clear recollection of any conference or of his presence in chambers on December 17,1951. He did not recall being in the courtroom when the case was heard on the merits.
The plaintiff’s case in respect to the events on December 17, 1951, was very emphatically testified to by Justice Paul A. Chase and Judge Elmer R. Prestoh.
Justice Paul A. Chase, now of the Supreme Court of Vermont, the court of last resort in that State, testified that he was Presiding Justice of the Rutland County Court in 1951 and that he specifically recalled the Chapman case. He testified that on December 17,1951 and prior to the trial on that date, there was a conference in chambers attended by Judge Prestoh, Mr. Love-land, Mr. O’Brien and himself at which Mr. Loveland’s motion to amend and O’Brien’s motion to withdraw was discussed; that there was no objection to the amendment, and that he ruled the court would grant the amendment and then the motion to withdraw. Mr. O’Brien took no exception to this procedure and he did not ask for a continuance. When court convened, these decisions were announced from the Bench and the trial commenced with Mr. O’Brien sitting within the Bar and 20 feet from the Bench. Justice Chase further testified that it was his settled practice to keep the attorney who wished to withdraw in the case until all motions were first disposed of and the case was ready for trial, stating: “ That places the burden and responsibility on him to notify his client what has happened and gives him an opportunity if he is not satisfied with what has happened to take an exception or ask for a continuance, or take whatever course he wants to. He is still attorney of record until relieved by the court.”
*69 Judge Elmer E. Prestow testified he was present at the conference in chambers on December 17, 1951, at which time the motion to amend the libel from divorce from bed and board to one for absolute divorce was heard and that Mr. O’Brien made no objection. It was agreed that the motion to amend would be granted first and then the motion of 0 ’Brien to withdraw. This was done in Mr. O’Brien’s presence in open court and he made no objection or request for a stay in the proceedings.
The evidence in the case as to notice of the amendment changing the prayer for relief from divorce from bed and board to one for absolute divorce to the defendant’s New York attorney, Louis Carusone, is inconclusive. There is no evidence as to any appearance on his part in the Vermont action or that copies of any pleadings or motion papers were ever served on him. The telephone conversations had between Mr. Loveland and Mr. Carusone relative to a possible change of the relief prayed for were inconclusive. The evidence affirmatively shows that attorney 0 ’Brien was the attorney of record for the defendant as to all matters relating to the Vermont action. There was no evidence that Mr. Carusone was the attorney of record, or that he had authority to control or actively participate in the Vermont action itself.
The minutes of the court stenographer showed an inverse order that the motion to withdraw was granted first, and then the motion to amend, second. The court stenographer was not called as a witness by either party. The pertinent excerpts of the stenographer’s minutes was put into evidence by way of cross-examination of attorney Loveland and Justice Chase and Judge Prestow. The stenographer was not called as a witness to substantiate the correctness of the minutes. The minutes were transcribed some two years after the close of the hearing of the case on its merits. Vermont statutes do not require that a transcript be filed as a part of the record in an action for divorce. The testimony of both Presiding Judges was to the effect that the motion to amend was heard first. The cross-examination by the use of the stenographer’s minutes failed to affect this recollection. Under this set of facts, the burden of showing that the motion to amend was passed upon prior to the motion for leave to withdraw was sufficiently met by the plaintiff.
In accordance with the above, this court finds:
(1) That the defendant’s attorney was present on December 17, 1951, when the plaintiff’s motion to amend the complaint was granted.
*70 (2) That the defendant’s attorney had notice of the plaintiff’s motion to amend his prayer of relief from one seeking a four-year separation to one seeking an absolute divorce, prior to the time when he was given leave to withdraw from the case.
On the opening of the case before this court, the plaintiff moved to strike the defendant’s defense set up in the answer of a prior decree of divorce obtained by the defendant in the State of Florida. This decree was obtained on the 23d day of November, 1951. This aspect of the case was disposed of by the Appellate Division in Chapman v. Chapman (284 App. Div. 504). The defendant having failed to plead the Florida divorce or otherwise or to call it to the attention of the court, he cannot collaterally attack the Vermont judgment upon the ground of a previously obtained decree of divorce. (Bluthenthal v. Jones, 208 U. S. 64.) The appeal by the defendant to the Vermont Supreme Court for a new trial on the ground that the Florida divorce barred the granting of the Vermont decree was dismissed. {Chapman v. Chapman, 118 Vt. 166.) The Supreme Court of Vermont there held the defendant had been guilty of lack of diligence in bringing this defense to the attention of the Vermont County Court, and therefore dismissed the petition. No appeal was taken by the defendant to the United States Supreme Court. The Vermont decree of divorce and the judgment thereon for alimony, are, therefore final and entitled to full faith and credit unless the defense of due process is properly interposable.
A scholarly discussion had been presented by both parties on the question whether due process is being accorded a defendant where he is a nonresident and appears voluntarily in an action which is subsequently amended to plead a different cause of action, or request different relief other than originally sought and prayed for in the complaint.
If the motion of the defendant’s attorney to withdraw were granted first, the question would be more pointed. However, here the defendant was represented by counsel at the time the motion to amend was made and granted.
The defendant by appearing generally continued to be subject to the jurisdiction of the Vermont court in the matrimonial action until such appearance was withdrawn with consent of the court. This does not mean, however, that the defendant was subject to the jurisdiction of the Vermont courts for any and all purposes.
The action involved was matrimonial in nature. The allegations contained in the complaint stated grounds for a separation and for an absolute divorce under Vermont statutes. (See *71 Vermont Stats. [Bev. of 1947], §§ 3205, 3218.) The proof of the allegations in the complaint would entitle the plaintiff to whatever relief that was prayed for. The original complaint contained a prayer of relief for a separation. The prayer for relief was amended without objection on the part of the defendant’s counsel on December 1,1951. The defendant’s counsel did not ask for a stay or continuance of the case. The court proceeded to adjudicate the case on.its merits. It would be somewhat anomalous to say that this was a denial of due process and that the court thereby lost jurisdiction of a matter before it because there was an amendment that it had the authority to grant. That the cause of action may have been changed thereby would not affect the jurisdiction of the court over the defendant, where the defendant was represented by counsel at the time the amendment was made. The Vermont court had jurisdiction when it granted the amendment and it proceeded to adjudicate the matter before it. If a stay or continuance were requested, the Vermont court would have been bound to grant the request. That is not the case here. The defendant was represented by counsel and there was no limitation on the authority of his attorney or on the nature of his appearance. The court under this set of facts did not remove itself of jurisdiction or deny the defendant due process of law by granting the amendment. It follows, therefore, if the Vermont court had jurisdiction at the time the motion to amend the prayer for relief was made and granted, that jurisdiction continued down to the adjudication of the case. See Connolly v. Bell (309 N. T. 581) where the Court of Appeals cited Reynolds v. Stockton (140 U. S. 254, 264) for the proposition that the requirements of due process and the full faith and credit clause of the United States Constitution “ are fulfilled when a judgment rendered in a court of one State, which has jurisdiction of the subject matter and of the person, and which is substantially responsive to the issues presented by the pleadings, or is rendered under such circumstances that it is apparent that the defeated party was in fact heard on the matter determined, is recognized and enforced in the courts of another State.”
The Vermont judgment is entitled to full faith and credit even though it was entered on a default. (Morris v. Jones, 329 U. S. 545, 550; Treinies v. Sunshine Mining Co., 308 U. S. 66, 77; Riehle v. Margolies, 279 U. S. 218, 225.) The Vermont judgment is now final and conclusive there and the full faith and credit clause requires that it be equally final and conclusive here in New York State. (Morris v. Jones, supra; Lynn v. Lynn, 302 N. Y. 193, 201, cert. denied 342 U. S. 849; Connolly v. Bell, supra; *72 Treinies v. Sunshine Mining Co., supra; Angel v. Bullington, 330 U. S. 183,188-189; Sherrer v. Sherrer, 334 U. S. 343.)
The affirmative defense set forth in the defendant’s answer that both parties are nonresidents of New York so that this court is without jurisdiction of the present action is without any substance. The defendant was served personally within the State and has entered an appearance personally and by counsel.
In accordance with the foregoing, the plaintiff is entitled to judgment for the amount prayed for in the complaint with interest thereon from December 17,1951, and costs of this action.
Enter judgment on notice.