Chables M. Hughes, J.
This is a motion by the plaintiff seeking an extra allowance pursuant to section 1513 of the Civil Practice Act and rule 200 of the Rules of Civil Practice on the ground that this has been a “ difficult and extraordinary ” case. Counsel for both parties have stipulated that the above motion be heard by the court with the same force and effect as if such motion were brought on before a regularly scheduled Special Term.
The court is very familiar with the facts and circumstances of the present case. A complete summary of the various appeals had in the State of Vermont and to the Appellate Division, Third Department in the State of New York, is set forth in an opinion rendered by this court after a trial of the action was had (4 Misc 2d 64).
There is no question in this court’s mind that the case was a very difficult and extraordinary one. The nature of the action was. one to enforce the lump sum alimony provision of a divorce judgment granted by the courts of the State of. Vermont. The defendant interposed numerous defenses including that the Vermont judgment violated the “ due process clause ” of the Federal Constitution. The Attorney General of the State of Vermont appeared as amicus curiae on the question of full faith under the Federal Constitution.
The defense further set up a Florida decree of divorce which was prior in time to the Vermont decree. There were two appeals had from the Vermont judgment to the highest court of that state. (See Chapman v. Chapman, 118 Vt. 120; Chapman v. Chapman, 118 Vt. 166.) Although those appeals did not take place in the courts of this State, they were had during the pendency of the action here, and the outcome of those appeals directly affected the litigation here. The matter was before the Appellate Division, Third Department in this State on several occasions. (See Chapman v. Chapman, 284 App. Div. 504; Chapman v. Chapman, 284 App. Div. 857; Chapman v. Chapman, 285 App. Div. 991.) The last appeal resulted in certain specified issues being tried before this court without a jury.
It must also be noted that the litigation covered a period of nearly five years. The courts have considered this a basis upon *47 which to exercise their discretion in granting an allowance. (See Usdansky v. Lane, 184 App. Div. 140; Chaffee v. Rahr, 181 Misc. 64.) The time consumed at the trial of the action extended over the period December 3, 1955 through June 10, 1956. During this period of time, investigations were had in the State of Vermont as well as certain depositions including that of Mr. Justice Chase of the Supreme Court of the State of Vermont.
The defense to the action presented difficult questions of law and fact. In addition to pleading a foreign judgment of the State of Florida as a bar to the suit in this State upon the Vermont judgment, the defendant further pleaded that the Vermont court never had jurisdiction to enter the judgment sued upon. The defendant further pleaded the then pendency of the vacatur proceedings in Vermont. Until the highest court of the State of Vermont passed on the question there raised by the defendant, the plaintiff could not prevail in New York State. It has been held that where extraordinary defenses are interposed, as here, the extra allowance to the plaintiff is proper. (See Bent Steel Co. v. Western Elec. Co., 86 N. Y. S. 2d 344, affd. 274 App. Div. 1066.)
The court here has only alluded to some of the major facets that were involved in the case of Chapman v. Chapman. The court itself feels that it can go on record in saying that the case was a ‘ ‘ difficult and extraordinary ’ ’ one. In so doing, it also finds that the case falls within the purview of section 1513 of the Civil Practice Act.
In accordance with this opinion, the plaintiff is granted an allowance in the amount of 5% of the judgment recovered.