ROBERT H. EVERITT, Appellant, *v.* DEBORAH R. EVERITT, Also Known as DEBORAH G. ROOD, Respondent.

First Department, April 9, 1957.

*Sol A. Rosenblatt (Charles Roden* with him on the brief), for appellant.

*Jesse Climenko* of counsel (*Martin I. Shelton* with him of the brief; *Gallop, Climenko & Gould,* attorneys), for respondent.

*Per Curiam.* Plaintiff served a summons on defendant, a nonresident, bearing a notice that in the event of default judgment would be taken against her for the sum of $46,900. Defendant interposed a general notice of appearance and demanded that a copy of the complaint be served upon her attorneys. The complaint contained not only a first cause of action to recover the sum of $46,900 on an express contract, but a second cause of action to recover $1,500 on an alleged subsequent modification of the contract, and a third cause of action to recover $350,000 for libel. Defendant's motion to strike out the second and third causes of action on the ground that she was not subject to the jurisdiction of the court for anything other than the amount stated in the notice appearing on the summons was granted by Special Term.

The court's jurisdiction over defendant is not limited by the notice which appeared on the summons pursuant to rule 46 of

the Rules of Civil Practice. Such a notice is not mandatory, for the rule provides that it "may" be given with the summons, thus enabling the plaintiff to have the clerk enter a default judgment in certain contract actions without application to the court (Civ. Prac. Act, § 486). Defendant did not default, however, but entered a general appearance and demanded a copy of the complaint. When defendant appeared generally she submitted to the jurisdiction of the court for all purposes. The notice on the summons, operative only in the event of default, does not preclude plaintiff from alleging in his complaint other or additional causes of action which were not or could not be comprehended within the notice. After service of the complaint plaintiff could amend it to increase the demand for damages, change his theories of recovery, substitute different causes of action, or add new causes of action (*Mendoza* v. *Mendoza*, 4 Misc 2d 1060, affd. 273 App. Div. 877, appeal dismissed 297 N. Y. 950).

The dictum to the contrary in *Chapman* v. *Chapman*, (284 App. Div. 504, 514) based upon the Restatement of Judgments (§ 5, comment g) is not controlling. As subsequently explained (285 App. Div. 991), the case first arose on a motion for summary judgment, and there was a question of fact as to whether the defendant had been given notice of the amendment of the complaint in a Vermont action and whether he had been afforded a reasonable opportunity to defend against it. Upon the subsequent trial it was developed that the defendant had appeared generally, without limitation on the authority of his attorney or on the nature of his appearance, and that he had been given notice of the amendment through his attorney, so that there was no denial of due process (4 Misc 2d 64).

Defendant here has appeared generally, has designated counsel to act for her, has received a copy of the complaint, and will have just as ample an opportunity to defend against the second and third causes of action as she has to defend against the first. Other alternatives were available to the defendant. For example, she could have appeared specially to contest jurisdiction, or without making any appearance she could have first demanded a copy of the complaint (Civ. Prac. Act, § 257).

The second and third causes of action stated in the complaint were improperly stricken. The order appealed from should be reversed and the motion denied, without costs.

BREITEL, J. P., BOTEIN, RABIN, VALENTE and McNALLY, JJ., concur.

Order unanimously reversed and the motion denied.