ALICE FARANDA, Respondent, *v.* FERDINAND FARANDA, Appellant.

First Department, June 11, 1957.

*Nelson Palmer* of counsel (*Henry K. Heyman* with him on the brief), for appellant.

*James Flynn* of counsel (*Francis X. Hardiman,* attorney), for respondent.

BERGAN, J. Plaintiff has had a recovery of $10,100 against defendant after a trial at Trial Term based upon the alimony provisions of judgment of divorce entered in Kentucky. The main question raised by defendant on appeal is that the court in Kentucky had no personal jurisdiction of him to grant a valid judgment for alimony; but jurisdiction to grant the divorce is conceded because of plaintiff's residence in that State. (Cf. *May* v. *May,* 233 App. Div. 519.)

Since it is necessary first of all to establish the judgment itself upon which the action is based, we look at the proof on this subject and we find that it is insufficient to meet the requirements of the statute. The judgment was attested by the Clerk of the Kentucky court; but the attestation lacked the certificate of custody and signature by the Judge or other officer as provided in section 398-a of the Civil Practice Act.

The same deficiency exists in relation to the record of later proceedings purported to have been taken in Kentucky by

defendant addressed to the judgment. Due objection having been taken, the Trial Term did not have sufficient competent evidence before it of the terms of the Kentucky judgment and of the subsequent proceedings in that court to sustain a determination that personal jurisdiction over defendant had been acquired.

These deficiencies in proof are sharply technical; but the importance of complete and carefully authenticated records of the proceedings in the State whose judgment is sought to be enforced in New York is nowhere more clearly demonstrated than in the case now before us.

Since the case must be retried, we consider it useful to examine the uncertified documents received in evidence, and assuming that proper certification will be arranged in due course, to consider their effect on the further proceedings that may be taken.

The judgment itself, entered December 26, 1946, and signed by a Judge of the Kentucky Circuit Court, recites that the action between plaintiff and defendant "having been heard and submitted for judgment," the plaintiff is divorced from defendant; and that defendant pay $25 a week alimony. It makes no recitals as to service of process on the defendant or as to an appearance by defendant by attorney or otherwise.

The other papers offered by plaintiff and to which the same infirmity as to certification exists, are motion papers dated February, 1947, purported to be prepared by attorneys for defendant, returnable February 22, 1947 in the Circuit Court, to vacate the judgment of December 26. This motion was not based on any affidavit by defendant; but was based on a statement signed by the attorneys who had appeared in the action, in support of the motion to vacate the judgment.

The specifications of this motion are partly jurisdictional in theory, as far as we are able to interpret them; but in part they seem to constitute an attack on the judgment on grounds which by implication concede jurisdiction.

One jurisdictional specification stated is that the plaintiff's petition for divorce was amended to show an additional ground for divorce after defendant's answer to the original petition had been filed and without permission of the court to amend and that " no summons, warning or other legal process " was issued on the amended petition which " sets up a new and distinct cause of action." It is further specified that since the evidence was solely offered in support of the amended petition the defendant " was not before the court " and the judgment was void.

But there are other specifications in the notice which seem to be based on an appeal to the court to act on other than jurisdictional grounds. For example, the notice specifies that plaintiff was guilty of fraud in alleging a ground for divorce in the original petition which she knew did not exist and that the court was in error in awarding plaintiff a divorce, since the evidence showed an abandonment of defendant by plaintiff. The Judge's order on the motion was: "Defendant's motion to set aside the judgment herein is hereby overruled."

The oral testimony on the trial at Special Term addressed to the Kentucky action is contradictory and confused. Defendant testified that at a hearing in Kentucky on November 4, 1946, the action for divorce was dismissed and that he then left Kentucky. There is some proof that thereafter the amended petition for divorce was filed on November 8 and that proof was taken on that day in defendant's absence. Plaintiff swore that one of defendant's attorneys was present at the further trial. Defendant swore he did not know of the divorce and that when he inquired later of his lawyer, the latter told him he did not know of the granting of a divorce.

If these papers are properly authenticated for reception in evidence we would assume, if there were nothing more in the case, that there was personal jurisdiction to direct payment of alimony. The judgment seems good on its face; there was a general appearance in the action by defendant which by the proof offered on the New York trial continued by attorney appearing for defendant at the time the proof was taken under the amended petition; and the motion to vacate the judgment was based on grounds additional to absence of jurisdiction and may have been deemed a general submission of defendant in person to the Kentucky court.

If, however, defendant establishes to the satisfaction of the court that his attorneys were not advised of the amendment to the petition to set forth a new cause of action after the original petition had been dismissed and by proof of the official transcript or other reliable evidence relating to the proceedings that they did not appear for him or by his authority on the further proceedings in Kentucky; that under the law of Kentucky no submission to jurisdiction is deemed to result from the form of motion made to vacate the judgment followed in this case and that the amendment to the petition in the circumstances in the case did not extend the prior personal appearance of defendant in the action under the original petition, to include a personal appearance in respect of the amended petition, it may be that a finding of absence of jurisdiction in Kentucky to

enter the personal judgment for alimony will be justified. (*Chapman* v. *Chapman,* 284 App. Div. 504.)

The judgment appealed from should be reversed and a new trial ordered, with costs to abide the result.

PECK, P. J., BREITEL, BOTEIN and RABIN, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event.