Froessel, J.
(dissenting). We dissent and vote to reverse. We do not disagree with Judge Vax Voobhis’ statement “ that if an action has been commenced against a nonresident by the service of a summons and complaint, the complaint cannot be amended by adding new causes of action after the defendant has left the State (Pennoyer v. Neff, 95 U. S. 714; Chapman v. Chapman, 284 App. Div. 504; Restatement, Judgments, § 5, *18 comment' g)'.”' Out1 point' of departure- is! with r'espect to a summons served Without- a complaint- bút with a notice as prescribed in rute- 46 of the- Rules of Civil Practice.
In this" casé', the stimnldns' al'oUe Whs served but with as notice provided for by' said rule- which essentially gave the sam'e' information as Would be- contained in a- complaint. It advised the defendant- that- she was' being sued for tllw sum of $46;900! and interest' in- an action based on contract. In serving' her notice' of. appearance, this defendant, a. nonresident, did not consent- to appear in a- $35Q;000 libel action; or' in any other kind of- action. Under' section 237' of the' Civil Practice1 Act a notice' of appearance- is' equivalent to5 personal service’ of the summons' upon ’ ’’ her, and thus adds nothing to- tlie service- of the- summons' itself.
Her willingness to: appear in the action of which she had notice Was not' tantamount t-o consent to appear' in every conceivable' action that- -the plaintiff might substitute- or add. To hold otherwise would he to- deny the defendant due' process' (Restatement; Judgments; §■ 5, comment g; Chapman v. Chapman, 284 App. Div. 504, 512 et seq.; see, also, Ex Parte Indiana Transp. Co., 244 U. S. 456, 458; 18 Fordham L. Rev. 73; 91 et seq.). Cases such as Sharp v. Clapp (15 App. Div. 445), where' the" question of the- defendant’s- nonresidence" did not arise; stand Upon an entirely different footing. Mendoza v. Mendoza (273 App. Div. 877, motion for leave to; appeal' dismissed-- 297 N:. Y. 950) is-not decisive; for the1 constitutional1 iSsne Was not there'- raised- or considered!-
We would' reinstate- tbe order of Special Term, and answer the" first- question1 Certified in the negative;- the second- iff the affirmative.
Judges. Desmond* Dye, Fuld and- Burke concur with Judge Van Voorh-is; Judge Froessel dissents in an opinion in which-Chief Judge Conway concurs.
Order affirmed,, etc.