J. Irwin Shapiro, J.
This is a motion by the plaintiff for summary judgment in an action to recover installments of $15 per week accruing under a judgment in the Juvenile Court of Texas, in and for Dallas County. The judgment not only provided that ‘ ‘ the bonds of matrimony heretofore existing between said plaintiff Martha Cohen and defendant Leon Cohen be and the same are hereby annulled and dissolved and that each party is hereby restored to the status of single persons ” but also contained a provision that “ defendant pay into the registry of this Court the sum of $15.00 per week beginning 4-18-55 for the support of the minor child of plaintiff and defendant”.
At the time of the institution of the suit in Texas the ‘1 Defendant Leon Cohen resided, in the City of New York”; he was personally served with a ‘ ‘ nonresident citation in said cause * * * within the County of Queens, New York * * * ; that the Defendant in response to said citation did not appear or make answer * * *; that said service of citation was pursuant to Rule 108 of the Texas Rules of Civil Procedure which authorizes the service of nonresident notice or citation on a nonresident Defendant in the manner above described.”
Upon the assumption that plaintiff was a bona fide resident of Texas and that, therefore, the Juvenile Court of Texas had jurisdiction to operate on the marriage res and thereby dissolve the bonds of matrimony between the parties (Williams v. North Carolina, 317 U. S. 287), it nevertheless had no jurisdiction to render a judgment in personam against the defendant — a nonresident— served with process outside of its territorial jurisdiction and who did not appear in the action. (Estin v. Estin, 296 *428 N. Y. 308, affd. 334 U. S. 541; Chapman v. Chapman, 284 App. Div. 504.)
The fact that a judgment thus rendered is jurisdictionally and constitutionally acceptable for one purpose and void and invalid for another may be an anomalous situation but is now well settled as being the law. (Estin v. Estin, supra; Lansdale v. Lansdale, 1 A D 2d 374; Reschofsky v. Reschofsky, 272 App. Div. 694; Rigney v. Rigney, 127 N. Y. 408.)
It clearly appearing that the defendant at all times was a resident of the State of New York and that he did not appear in the Texas action, the plaintiff may not enforce a claim for a personal money judgment against him on the basis of the judgment in that action.
Where, on a motion for summary judgment, it clearly appears to the court that there is no triable issue of fact, the court may award the proper judgment, regardless of which side moved for judgment. (Rules Civ. Prac., rule 113.)
Accordingly, the plaintiff’s motion for summary judgment is denied and plaintiff’s complaint is dismissed.
Submit order.