Nathaniel T. Helman, J.
Plaintiff moves for partial summary judgment, pursuant to rule 114 of the Buies of Civil Practice, against defendant Federation Bank. Defendant Nationwide Capital delivered its promissory note to defendant Federation Bank in the sum of $250,000, payable four months from the date of delivery thereof. At the time of the making and delivering of the note (Feb. 9, 1959), plaintiff, at Federation’s request, delivered a check for $100,000 and deposited same in defendant bank. On the reverse side thereof, there appeared the following Igend: “To be held as collateral by Federation Bank & Trust Co. for the payment of the $250,000 note.”
When the note matured in June, 1959, defendant bank extended the loan by the execution of a new note bearing a maturity date of October, 1959. A similar procedure was followed in October, 1959, by the execution of a new note maturing on January 7, 1960. When this note became due, defendant bank applied plaintiff ’s $100,000 check towards the payment of the note.
It is undisputed that at no time did plaintiff execute a written consent to any renewal or extension of the original note, nor is there any dispute regarding the fact that plaintiff executed no other writing whatsoever with respect to the transaction in question.
Defendant bank in opposition to the instant application, in an affidavit by its vice-president, contends that plaintiff was made aware at the time of the original execution of the note and check that the parties contemplated extensions and renewals of the note, and that the loan was extended with the knowledge and consent of plaintiff. In this, he is corroborated by defendant Fabrikant who adds that plaintiff was an active participant in all of the extension arrangements, and consented to the applica *946 tion by the bank of the proceeds of the check. A reduction of plaintiff’s indebtedness to the borrower corporation is claimed to have been effected by this payment to the bank.
While this is sharply contradicted by the plaintiff, who supports his assertions with some corroborative testimony of the bank officer given upon an examination before trial, it is not the court’s function in the present posture of the litigation to resolve factual issues, but to ascertain the existence of same. The more important question is whether parol evidence of such knowledge or consent by the plaintiff of any proposed extensions may be considered in modification or amplification of the original agreement. If the writing was complete and unambiguous on its face as an instrument of guarantee, its variance by parol would run counter to the prohibitions of subdivision 2 of section 31 of the Personal Property Law. Several aspects of the legend employed by the parties on the reverse side of the check call for explanation. The use of the word “ collateral ” has caused the bank to regard the instrument as a “ pledge ” and not as a “ guaranty ”, with resultant application of different principles regarding the effect of extensions or renewals. 6 ‘ A renewal of a note secured by a pledge merely extending the time of payment does not extinguish the debt, and is not a payment of it which will discharge the creditor’s claim upon the collateral security.” (Jones, Collateral Securities [3d ed.], § 541, p. 644.)
If the agreement was simply an undertaking to pledge collateral, it was not a “ special promise to answer for the debt, default or miscarriage of another person ” within the restrictive provisions of subdivision 2 of section 31 of the Personal Property Law, and parol evidence to show the intentions and understanding of the parties would be admissible.
The court does not regard this agreement as complete on its face so as to exclude further explanation of its terms, and of the understandings of the parties. The conflicting versions supplied by the respective affidavits present several factual questions. “ [F]or the purpose of determining whether summary judgment for the plaintiff should be granted [the court] must accept the defendant’s version of the facts as to all points upon which there is an open question of fact.” (Chapman v. Chapman, 284 App. Div. 504, 509.) The motion for partial summary judgment addressed to the second cause of action will be denied.